NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
PAUL B. GREEN (Cal. Bar No. 300847)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-0805
    Facsimile: (213) 894-7819
    E-mail: Paul.Green@usdoj.gov

Attorneys for Defendant Alex Azar, Secretary,
United States Department of Health and Human Services

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| FREDERIC MAUPIN, an individual,<br><br>   Plaintiff,<br><br>   v.<br><br>ALEX AZAR, in his official capacity as Secretary of the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>   Defendant. | No. CV 19-5673-SK<br><br>**DEFENDANT'S ANSWER AND DEFENSES TO COMPLAINT** |

Defendant Alex Azar in his official capacity as Secretary of the United States Department of Health and Human Services ("Defendant") responds to the allegations in the Complaint (ECF No. 1) ("Complaint") of plaintiff Frederic Maupin ("Plaintiff") as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law to which no response is required.

2. The allegations contained in paragraph 2 constitute jurisdictional allegations and conclusions of law to which no response is required.

3. The allegations contained in paragraph 3 constitute conclusions of law to which no response is required.

4. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4, except to admit that Plaintiff is an individual.

5. Defendant admits the allegations in paragraph 5.

6. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6.

7. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 7.

8. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 8.

9. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 9 and refers to the referenced papers for an accurate and complete statement of their contents.

10. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10.

11. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 11.

12. The allegations contained in paragraph 12 constitute conclusions of law to which no response is required.

13. The allegations contained in paragraph 13 constitute conclusions of law to which no response is required. Defendant refers to the referenced statutes, regulations, and policies for an accurate and complete statement of their contents.

14. The allegations contained in paragraph 14 constitute conclusions of law to which no response is required and refers to the referenced statute for an accurate and complete statement of the statute.

15. The allegations contained in paragraph 15 constitute conclusions of law to which no response is required.

16. The allegations contained in paragraph 16 constitute conclusions of law and Plaintiff's characterization of this action to which no response is required. Defendant refers to the referenced statute for an accurate and complete statement of the statute. To the extent any response is deemed required, such allegations are denied.

17. The allegations contained in paragraph 17 constitute conclusions of law and Plaintiff's characterization of this action to which no response is required. Defendant refers to the referenced regulation for an accurate and complete statement of the regulation. To the extent any response is deemed required, such allegations are denied.

18. The allegations contained in paragraph 18 constitute conclusions of law and Plaintiff's characterization of this action to which no response is required. Defendant refers to the referenced regulation for an accurate and complete statement of the regulation. To the extent any response is deemed required, such allegations are denied.

19. The allegations contained in paragraph 19 constitute conclusions of law and Plaintiff's characterization of this action to which no response is required. To the extent any response is deemed required, such allegations are denied.

20. The allegations contained in paragraph 20 constitute conclusions of law and Plaintiff's characterization of this action to which no response is required.

21. The allegations contained in paragraph 21 constitute conclusions of law and Plaintiff's characterization of this action to which no response is required. Defendant refers to the referenced statute and regulation for an accurate and complete statement of

them. To the extent any response is deemed required, such allegations are denied.

22. The allegations contained in paragraph 22 constitute conclusions of law and Plaintiff's characterization of this action to which no response is required. Defendant refers to the referenced statute for an accurate and complete statement of the statute. To the extent any response is deemed required, such allegations are denied.

23. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 23.

24. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 24.

25. The allegations contained in paragraph 25 constitute conclusions of law and Plaintiff's characterization of this action to which no response is required. Defendant refers to the referenced Local Coverage Determination for an accurate and complete statement of it. To the extent any response is deemed required, such allegations are denied.

26. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 26.

27. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 27.

28. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 28.

29. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 29.

30. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 30.

31. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 31 and refers to the referenced NCCN Guidelines for an accurate and complete statement of those Guidelines.

32. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 32.

33. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 33.

34. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 34.

35. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 35.

36. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 36.

37. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 37.

38. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 38.

39. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 39.

40. The allegations contained in paragraph 40 constitute conclusions of law and Plaintiff's characterization of the administrative record to which no response is required. To the extent any response is deemed required, Defendant denies the allegations of paragraph 40 to the extent they differ from the administrative record.

41. The allegations contained in paragraph 41 constitute conclusions of law and Plaintiff's characterization of the administrative record to which no response is required. To the extent any response is deemed required, Defendant denies the allegations of paragraph 41 to the extent they differ from the administrative record.

42. The allegations contained in paragraph 42 constitute conclusions of law and Plaintiff's characterization of the administrative record to which no response is required. To the extent any response is deemed required, Defendant denies the allegations of paragraph 42 to the extent they differ from the administrative record.

43. The allegations contained in paragraph 43 constitute conclusions of law and Plaintiff's characterization of the administrative record to which no response is required.

To the extent any response is deemed required, Defendant denies the allegations of paragraph 43 to the extent they differ from the administrative record.

44. The allegations contained in paragraph 44 constitute conclusions of law and Plaintiff's characterization of the administrative record to which no response is required. To the extent any response is deemed required, Defendant denies the allegations of paragraph 44 to the extent they differ from the administrative record.

45. The allegations contained in paragraph 45 constitute conclusions of law and Plaintiff's characterization of the administrative record to which no response is required. To the extent any response is deemed required, Defendant denies the allegations of paragraph 45 to the extent they differ from the administrative record.

46. The allegations contained in paragraph 46 constitute conclusions of law and Plaintiff's characterization of the administrative record to which no response is required. To the extent any response is deemed required, Defendant denies the allegations of paragraph 46 to the extent they differ from the administrative record.

47. The allegations contained in paragraph 47 constitute conclusions of law and Plaintiff's characterization of the administrative record to which no response is required. To the extent any response is deemed required, Defendant denies the allegations of paragraph 47 to the extent they differ from the administrative record.

48. The allegations contained in paragraph 48 constitute conclusions of law and Plaintiff's characterization of the administrative record to which no response is required. To the extent any response is deemed required, Defendant denies the allegations of paragraph 48 to the extent they differ from the administrative record.

49. By this reference, Defendant incorporates its responses in paragraphs 1 through 49 of this Answer as its answer to paragraph 49.

50. Defendant denies the allegations in paragraph 50.

51. Defendant denies the allegations in paragraph 51.

52. By this reference, Defendant incorporates its responses in paragraphs 1 through 51 of this Answer as its answer to paragraph 52.

53. Defendant denies the allegations in paragraph 53.

54. By this reference, Defendant incorporates its responses in paragraphs 1 through 53 of this Answer as its answer to paragraph 54.

55. Defendant denies the allegations in paragraph 55.

56. By this reference, Defendant incorporates its responses in paragraphs 1 through 55 of this Answer as its answer to paragraph 56.

57. Defendant denies the allegations in paragraph 57.

58. By this reference, Defendant incorporates its responses in paragraphs 1 through 57 of this Answer as its answer to paragraph 58.

59. Defendant denies the allegations in paragraph 59.

60. By this reference, Defendant incorporates its responses in paragraphs 1 through 59 of this Answer as its answer to paragraph 60.

61. Defendant denies the allegations in paragraph 61.

62. By this reference, Defendant incorporates its responses in paragraphs 1 through 61 of this Answer as its answer to paragraph 62.

63. Defendant denies the allegations in paragraph 63.

64. Defendant denies the allegations in paragraph 64.

65. The last paragraph of the Complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested against Defendant or to any relief whatsoever against Defendant.

66. Defendant denies each and every allegation in the Complaint, including the headings and footnotes, not previously admitted or otherwise qualified.

## **DEFENSES**

Defendant asserts the following defenses and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation. In asserting these defenses, Defendant does not assume any burden of proof, persuasion, or

production with respect to any issue where the applicable law places the burden upon Plaintiff.

### First Defense

Plaintiff's claims are barred because they are moot in light of changes to Local Coverage Determination for Tumor Treatment Field Therapy (L34823).

### Second Defense

Plaintiff is barred from bringing any claims over which the Court lacks subject-matter jurisdiction.

### Third Defense

To the extent the Complaint fails to state a claim upon which relief can be granted, Plaintiff may not prevail.

### Fourth Defense

No agency action at issue was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

### Fifth Defense

The findings of fact made by the agency are supported by substantial evidence and are, therefore, conclusive.

### Sixth Defense

Under the APA, 5 U.S.C. § 501 *et seq.*, judicial review of a final agency decision is limited to the administrative record of the proceedings below.

### Seventh Defense

To the extent the Complaint challenges the validity of a LCD, the Complaint must be dismissed for lack of subject-matter jurisdiction.

### Eighth Defense

Plaintiff is not entitled to declaratory relief, attorney's fees, costs of suit, or any damages whatsoever.

### Ninth Defense

Plaintiff is not entitled to a jury trial, under 28 U.S.C. § 2402.

## **PRAYER FOR RELIEF**

For these reasons, Defendant respectfully requests a judgment against Plaintiff as follows:

1. Denying all relief sought in the Complaint and dismissing the Complaint on the merits, in its entirety and with prejudice;

2. Awarding Defendant its costs and expenses incurred in defending this action, including attorney's fees as allowed by applicable law; and

3. Granting Defendant such other and further relief as the Court may deem just and proper.

Dated: September 10, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

　*/s/ Paul B. Green*
PAUL B. GREEN
Assistant United States Attorney

Attorneys for Defendant Alex Azar,
Secretary, United States Department of Health
and Human Services