Farah Tabibkhoei (SBN 266312)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:  +1 213 457 8000
Facsimile:   +1 213 457 8219
Email:  FTabibkhoei@reedsmith.com

James C. Pistorino (SBN 226496)
PARRISH LAW OFFICES
224 Lexington Dr.
Menlo Park, CA  94025
Telephone: (412) 561-6250
Facsimile: (412) 561-6253
Email: james@dparrishlaw.com

Attorneys for Plaintiff Frederic Maupin

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERIC MAUPIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALEX AZAR, in his official capacity as Secretary of the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Defendant. | Case No. 2:19-cv-05673-MWF-JPR<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO EXTEND DEFENDANT'S TIME TO OPPOSE PLAINTIFF'S SUMMARY JUDGMENT MOTION AND TO VACATE THE NOVEMBER 18, 2019 HEARING** |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO EXTEND DEFENDANT'S TIME TO OPPOSE PLAINTIFF'S SUMMARY JUDGMENT MOTION AND TO VACATE THE NOVEMBER 18, 2019 HEARING

In accordance with Local Rule 7-19, Plaintiff Dr. Frederic Maupin ("Dr. Maupin") files this opposition to Defendant's (the "Secretary") *ex parte* application. The Secretary's motion is both procedurally and substantively defective and represents the Secretary's effort to have the Court enter a Scheduling Order that the Secretary prefers (and on which the parties disagree) using the *ex parte* process. The only alleged "crisis" is the Secretary's demand for 66 days to respond to a motion, rather than the 17 days accorded under the normal process.

**I.  Procedural Background**

Suit was filed by Dr. Maupin on June 28, 2019 alleging that the Secretary (through the Medicare Appeals Council ("Council")) erred in the proper standard of review of Dr. Maupin's claim for coverage of a device to treat his extremely lethal glioblastoma multiforme ("GBM") brain cancer. *See* Dkt. # 1. The Secretary was served no later than July 11, 2019. *See* Dkt. # 18. The Secretary then *partially* answered on September 10, 2019 denying the allegations of the Complaint. *See* Dkt. # 11.

Importantly, the statute giving rise to jurisdiction (42 U.S.C. § 406(g) as modified by 42 U.S.C. § 1395ff) provides:

> As part of the [Secretary's] answer the [Secretary] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.

When the Secretary's Answer did not include the Record, Dr. Maupin's counsel contacted the Secretary's counsel to find out where it was and informed the Secretary of Dr. Maupin's intention to move for summary judgment without delay. Subsequently, the Secretary's counsel informed Dr. Maupin's counsel that the Record would not be produced until as much as 60 days after it was due. The Secretary's counsel further stated that the Court and Dr. Maupin would just have to wait. The Secretary's counsel explained that he felt that any motion by Dr. Maupin to obtain the Record would be ineffective because by the time the motion could be heard, nearly 60 days would have

-1-
PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO EXTEND DEFENDANT'S TIME TO OPPOSE PLAINTIFF'S SUMMARY JUDGMENT MOTION AND TO VACATE THE NOVEMBER 18, 2019 HEARING

elapsed anyway. Thus, in the Secretary's counsel's view, the defiance of the statute was likely to be effective. Thereafter, Dr. Maupin's counsel began drafting a motion for summary judgment relying on the Record (if it was produced in time) or on the non-certified copy of the Council decision (if necessary).

On October 8, 2019, nearly a month after it was due, the Secretary's counsel informed Dr. Maupin's counsel that the Record would be served that day (*see* Dkt. #17) while Dr. Maupin's counsel indicated that a motion for summary judgment was ready for filing. Pursuant to Local Rule 7-3, a meet and confer on the motion was held on October 11, 2019 during which the Secretary's counsel stated the substantive reasons for the Secretary's opposition. Further, during the meet and confer, the Secretary's counsel expressed his concern that a motion for summary judgment might impact the holidays. Dr. Maupin expressed his willingness to work with counsel should that occur. The parties also discussed the Rule 26(f) report. The parties did not agree on scheduling issues. The Secretary's counsel insisted on a multi-month delay in briefing with the Secretary having a sur-reply to Dr. Maupin's motion, which Dr. Maupin rejected.

Pursuant to Local Rule 7-3, Dr. Maupin was required to wait until October 18, 2019, to file his motion for summary judgment. When Dr. Maupin was able to secure a November 18, 2019 hearing date, he informed the Secretary's counsel, who then expressed dissatisfaction with that date as well on the grounds that the Secretary needed more time to file an opposition. Again, Dr. Maupin stated his willingness to grant some additional time for the opposition, if needed. Again, the Secretary's counsel insisted on the schedule he proposed.

On October 18, 2019, Dr. Maupin filed his motion for summary judgment establishing an opposition date of October 28, 2019. *See* L.R. 7-9. That date is:

- 109 days after the Complaint was served;
- 48 days after the *partial* Answer was filed;

-2-
PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO EXTEND DEFENDANT'S TIME TO OPPOSE PLAINTIFF'S SUMMARY JUDGMENT MOTION AND TO VACATE THE NOVEMBER 18, 2019 HEARING

- 20 days after the discussion of October 8, 2019; and
- 17 days after the Local Rule 7-3 meet and confer on the motion.

Dr. Maupin's motion for summary judgment is based on an issue of law, is 10 pages long and relies on the ALJ decision below, the appeal by Kaiser, and the Council decision itself where Dr. Maupin alleges the error of law occurred. No other documents are relied upon and no other substantive facts are presented.

Also on the afternoon of October 18, 2019, the Secretary's counsel called Dr. Maupin's counsel to state his intention to file this *ex parte* motion and Dr. Maupin opposed. The Secretary's counsel said nothing about being busy with other cases as the alleged basis for needing more time. Later that day, the Secretary's counsel filed a seven (7) page motion, supported by a four (4) page declaration, and four (4) exhibits. There, the Secretary's counsel alleged that he did not have sufficient time to prepare an opposition to the motion for summary judgment (relying in part on work in other cases never before mentioned) and asking the Court to impose his preferred schedule on an *ex parte* basis.

## II. The Secretary's Ex Parte Application Is Procedurally Defective

Procedurally, of course, *ex parte* motions "solely for extraordinary relief are rarely granted." *See* Judge Fitzgerald's Procedures available at https://www.cacd.uscourts.gov/honorable-michael-w-fitzgerald. In order to justify *ex parte* relief, the moving must establish that: 1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures; and 2) that it is without fault in creating the crisis that require *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995).

Here, the Secretary makes no effort to establish that his cause will be irreparably harmed if his opposition is due according to the Rules and/or that there is a "crisis" or

-3-
PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO EXTEND DEFENDANT'S TIME TO OPPOSE PLAINTIFF'S SUMMARY JUDGMENT MOTION AND TO VACATE THE NOVEMBER 18, 2019 HEARING

"urgency." As detailed above, the Secretary has had at least 17 days' notice since the parties met and conferred regarding the substance of the motion (and as much as 109 days' notice when accounting for when the complaint was served) of the basis of Dr. Maupin's motion for summary judgment, rather than the 8 alleged. Thus, there is no "crisis" or "urgency." Further, as detailed above, Dr. Maupin has indicated his willingness to consider extensions at every turn, if necessary.

As posited by the Secretary, the only "crisis"/"irreparable harm" is that Dr. Maupin has not accepted the Secretary's proposed schedule to accord the Secretary at least 66 days to prepare an opposition. Clearly, that is not the purpose of the *ex parte* process.

Further, the Secretary made no effort to and cannot establish that he is without fault in creating the "crisis." At the absolute minimum, the Secretary will have had 17 days' notice (since the meet and confer) of the motion before the opposition is due. More realistically, the Secretary will have had 48 days' notice (since being notified of Dr. Maupin's intention). Rather than use that time to prepare the opposition, the Secretary chose to prepare his ex parte application. While the Secretary's claim that he only has "one week" to prepare an opposition (Mot. at 3, 4) is false, the "crisis" of whatever time the Secretary has left is the Secretary's own fault because he chose to prepare an *ex parte* motion rather than draft an opposition. Thus, procedurally, the Secretary cannot make the required showings.

### III. The Secretary's Ex Parte Application Is Substantively Defective

Substantively, the Secretary's motion is also without merit. First, of course, a motion for summary judgment may be filed at "**any time** until 30 days after the close of discovery." *See* FED.R.CIV.P. 56(b) (emphasis added). As indicated in the Advisory Committee Notes to the 2009 Amendments to the Rules, "any time" is even as early as the commencement of the case. Indeed, filing a motion for summary judgment even

-4-
PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO EXTEND DEFENDANT'S TIME TO OPPOSE PLAINTIFF'S SUMMARY JUDGMENT MOTION AND TO VACATE THE NOVEMBER 18, 2019 HEARING

before an Answer is a venerable practice in existence no later than shortly after the adoption of the Federal Rules of Civil Procedure in 1938.  *See, e.g., Gifford v. Travelers Protective Ass'n of America*, 153 F.2d 209, 210-11 (9th Cir, 1949) (summary judgment before answer); *Jefferson v. Asplund*, 467 F.2d 199, 199 (9th Cir. 1972) (same).

Both plaintiffs and defendants (including government defendants relying on an administrative record) may take advantage of this procedure to minimize delay and expense.  *See, e.g., Factora v. District Director of U.S. I.N.S.*, 292 F.Supp. 518, 519 (C.D. Cal. 1968) ("Without filing an answer, respondent filed a motion for Summary Judgment pursuant to Rule 56(b)[.]").  That practice continues to this day, even in this district.  *See, e.g., Gaspard v. DEA Task Force*, 2018 WL 5816234 at * 8 (C.D. Cal. Sept. 11, 2018) (Scott, J.) (collecting cases and discussing).  There is nothing procedurally improper about Dr. Maupin's approach and it is particularly appropriate in cases where, as here, resolution of the entire case turns on an issue of law based on an undisputed record.

Second, as detailed above, the Secretary's repeated claim that he only has "one week" to prepare an opposition is demonstrably false.  Mot. at 3 and 4.  Even measured from the date of the filing on October 18, the opposition is due 10 days later.  Ten days is not a week.  Further, Dr. Maupin has repeatedly stated his willingness to give the Secretary additional days, if needed.  What Dr. Maupin has not been willing to do is unnecessarily delay resolution of this case for months, when Dr. Maupin should be concentrating on his recovery and not on this case.

Third, the Secretary's "authority" on which he relies for resolving Medicare cases using some procedure other than summary judgment (Mot. at 3 and 5-6) is simply a smattering of unrelated cases where another procedure was adopted.  That other procedures were adopted in other cases does not indicate that resolving the issue of law on summary judgment is improper.  Indeed, summary judgment practice was exactly

how the case was resolved in *Gaspard* (cited above) and in numerous cases Dr. Maupin's counsel has been involved in.

Fourth, the Secretary also seeks delay so that he can file a cross-motion for summary judgment. Mot. at 4-5. Obviously, that is not a basis for delay in considering Dr. Maupin's motion. To the extent that the Secretary wants to file a motion for summary judgment, nothing is preventing him from doing so. That said, doing so would merely lead to duplication. As noted in *Factora*, in cases, such as this one, where the motion turns on an issue of law based on an undisputed factual record, denial of the motion would have the same effect as granting a cross-motion by the Secretary and there is no need for the Secretary to file a separate motion. *Factora*, 292 F.Supp. at 521 ("The Court may enter summary judgment for petitioner without requiring the filing of a cross-motion."). Accordingly, the procedure Dr. Maupin is pursuing would minimize the burden on the Court and is consistent with FED.R.CIV.P. 1 ("just, speedy, and inexpensive resolution").

Fifth, the Secretary's claims that he needs to review a 801-page Record "replete with scientific, medical, and technical information" (Mot. at 4) to oppose the motion does not even hold up to momentary scrutiny. As noted in the Complaint, discussed at the meet and confer on the motion, and detailed in the motion, resolution of this case turns solely on a question of law in the Council decision. That decision is less than 10 pages long. Thus, what is in the other 791 pages of the Record is irrelevant. The Secretary was obviously familiar enough with the legal issue to deny the allegations of the Complaint and participate in the meet and confer where he stated the bases for his opposition.

Sixth, the Secretary's claim that he has work in other matters is certainly not a "crisis" or "urgency" precluding normal motion practice timelines. Mot. at 4. As an initial matter, the Secretary's counsel never raised the alleged press of work in other

-6-
PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO EXTEND DEFENDANT'S TIME TO OPPOSE PLAINTIFF'S SUMMARY JUDGMENT MOTION AND TO VACATE THE NOVEMBER 18, 2019 HEARING

matters during the multiple phone calls and emails discussing this issue. Indeed, it was not even raised in the call on the Secretary's *ex parte* motion. Instead, the first time Dr. Maupin heard that claim was in the *ex parte* papers themselves. Further, as detailed above, Dr. Maupin has repeatedly indicated a willingness to accord the Secretary some additional days to file an opposition, if needed.

Rather than a real issue, this smacks of just the latest excuse of why there should be delay. Initially, the Secretary's counsel wanted a significant delay in briefing and expressed concern about impacting his holiday period. When a hearing date obviating that concern was obtained, he then stated that the hearing was too soon. Now that Dr. Maupin's counsel has indicated a willingness to grant the Secretary additional days, the Secretary's counsel offers up that he has other work. If that is truly the case, the names of three other attorneys appear on the pleadings representing the Secretary and there is no similar claim that the entire U.S. Attorney's Office is similarly indisposed.

Seventh, Dr. Maupin does not even follow the Secretary's comments that the motion for summary judgment is based on something other than the Certified Administrative Record. Mot. at 5 and 6-7. As noted in Dr. Maupin's motion, Dr. Maupin attached the relevant portions of the Record (the ALJ decision, Kaiser appeal, and Council decision) as served by the Secretary. The motion is based on the Certified Administrative Record.

At base, the Secretary simply wants to delay for the sake of delay and has improperly used the *ex parte* process to force counsel and this Court to drop everything to respond to the non-crisis of the Secretary's demand that he be accorded 66 days to oppose a motion for summary judgment, rather than the 17 days provided under the Rules. This is exactly the evil identified in *Mission Power* and should be rejected.

//

//

## IV. Conclusion

For all the foregoing reasons, the Secretary's ex parte motion should be denied.

Dated: October 21, 2019

Respectfully Submitted,

REED SMITH LLP

/s/ *Farah Tabibkhoei*
Farah Tabibkhoei

-and-

PARRISH LAW OFFICES

/s/ *James C. Pistorino*
James C. Pistorino
*Counsel for Plaintiff Frederic Maupin*

PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO EXTEND DEFENDANT'S TIME TO OPPOSE PLAINTIFF'S SUMMARY JUDGMENT MOTION AND TO VACATE THE NOVEMBER 18, 2019 HEARING