NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
PAUL B. GREEN (Cal. Bar No. 300847)
Assistant United States Attorney
        Federal Building, Suite 7516
        300 North Los Angeles Street
        Los Angeles, California 90012
        Telephone: (213) 894-0805
        Facsimile: (213) 894-7819
        E-mail: Paul.Green@usdoj.gov

Attorneys for Defendant Alex Azar, Secretary,
United States Department of Health and Human Services

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FREDERIC MAUPIN, an individual,<br><br>            Plaintiff,<br><br>      v.<br><br>ALEX AZAR, in his official capacity as Secretary of the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>            Defendant. | No. CV 19-5673-MWF (JPRx)<br><br>**DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT / OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES;**<br><br>**DECLARATION OF KEVIN PEASE;**<br><br>**[PROPOSED] ORDER**<br><br>*[Statement of Undisputed Facts and Conclusions of Law and Statement of Genuine Disputes filed concurrently herewith]*<br><br>Hearing Date:   December 2, 2019<br>Hearing Time:   10:00 a.m.<br>Ctrm:           5A<br>Hon.            Michael W. Fitzgerald |

## NOTICE OF CROSS-MOTION FOR SUMMARY JUDGMENT

PLEASE TAKE NOTICE that, on December 2, 2019 at 10:00 a.m., as soon thereafter as they may be heard, defendant Alex Azar, in his official capacity as Secretary of the United States Department of Health and Human Services (the "Secretary"), will, and hereby does, move this Court for an order entering summary judgment in the Secretary's favor pursuant to Federal Rule of Civil Procedure 56. This motion will be made in the First Street Federal Courthouse before the Honorable Michael W. Fitzgerald, United States District Judge, located at 350 W. 1st Street, Los Angeles, CA 90012.

Summary judgment in the Secretary's favor is warranted because:

- The Secretary's denial of Dr. Maupin's request for pre-approval of coverage under his Medicare Advantage plan was not arbitrary, capricious, or contrary to law. *See* 5 U.S.C. § 706. Local Coverage Determination L34823 entitled "Tumor Treatment Field Therapy (TTFT)" was binding on the administrative law judge and the Medicare Appeals Council that reviewed Dr. Maupin's request for pre-approval of coverage. *See* 42 C.F.R. § 422.101(b).

- Dr. Maupin's attempt to challenge Local Coverage Determination L34823 itself is beyond the Court's jurisdiction in this record review case. *See* 42 C.F.R. Parts 426.110, 426.320, 426.400.

- Counts I and VII of the Complaint should be dismissed as moot because Local Coverage Determination L34823 was changed as of September 1, 2019 to cover Dr. Maupin's claim for coverage. *See Habetler v. Burwell*, 667 F. App'x 633 (9th Cir. 2016).

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, the attached Declaration of Kevin Pease, the Secretary's Statement of Undisputed Facts and Conclusions of Law, the Secretary's Statement of Genuine Disputes, the Certified Administrative Record, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be

1

1   presented at the hearing of this motion.

2       This motion is made following the conference of counsel pursuant to Local Civil

3   Rule 7-3 which was held on October 28, 2019.

4

5   Dated: November 4, 2019              Respectfully submitted,

6                                     NICOLA T. HANNA
                                    United States Attorney

7                                     DAVID M. HARRIS
                                    Assistant United States Attorney

8                                     Chief, Civil Division
                                    JOANNE S. OSINOFF

9                                     Assistant United States Attorney
                                    Chief, General Civil Section

10

11

12

13                                 */s/ Paul B. Green*
                                    PAUL B. GREEN

14                                     Assistant United States Attorney

15                                     Attorneys for Defendant Alex Azar, Secretary,
                                    United States Department of Health and

16                                     Human Services

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

DESCRIPTION                                                                                    PAGE

TABLE OF AUTHORITIES .................................................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES ...................................1

I.      INTRODUCTION ...........................................................................1

II.     STATUTORY AND REGULATORY BACKGROUND ...................2

        A.      Medicare and the Medicare Advantage Plan. ...............................2

        B.      Local Coverage Determinations. ...................................................3

        C.      Review of Medicare Part C Coverage Determinations. .................3

III.    RELEVANT FACTS AND PROCEDURAL HISTORY ...................4

        A.      Tumor Treatment Field Therapy LCD. ...........................................4

        B.      Administrative Review Of Dr. Maupin's Request For Coverage. ....4

        C.      This Lawsuit. ..................................................................................6

IV.     STANDARDS OF REVIEW ..............................................................7

        A.      Standard Of Review In APA Cases. ..............................................7

        B.      Summary Judgment Motions In Record Review Cases. .................8

V.      ARGUMENT ......................................................................................8

        A.      The Secretary's Denial Of Coverage Was Not Arbitrary, Capricious, An Abuse Of Discretion, Or Contrary To Law. ...........8

                1.      Medicare Part C's Use Of Binding LCDs Is Not Arbitrary, Capricious, Or Contrary To Law. ...........8

                2.      The TTFT LCD Was Binding On The ALJ And The Council. ........12

        B.      The Relief That Dr. Maupin Seeks Is Beyond The Court's Jurisdiction In This Record Review Matter. ................................13

                1.      The Court Does Not Have Jurisdiction To Make A Final Determination Of Coverage ...........13

                2.      The Court Does Not Have Jurisdiction To Review The TTFT LCD Itself. ...........14

                3.      Counts I And VII Of The Complaint Should Be Dismissed As Moot. ...........14

VI.     CONCLUSION ...................................................................................16

i

# TABLE OF AUTHORITIES

<u>DESCRIPTION</u>                                                                                          <u>PAGE</u>

*Arc of Cal. v. Douglas,*

   757 F.3d 975 (9th Cir. 2014) ........................................................................15

*Ashcroft v. Mattis,*

   431 U.S. 171 (1977)......................................................................................15

*Bodnar v. Sec'y of Health & Human Servs.,*

   903 F.2d 122 (2d Cir. 1990)............................................................................9

*Bosko v. Shalala,*

   995 F. Supp. 580 (W.D. Pa. 1996)..............................................................9, 11

*Bowen v. Owens,*

   476 U.S. 340 (1986)........................................................................................8

*Camp v. Pitts,*

   411 U.S. 138 (1973)....................................................................................7, 8

*Chevron, U.S.A., Inc. v. Natural,*

   *Res. Def.*, 467 U.S. 837 (1984) ......................................................................7

*Church of Scientology v. United States,*

   506 U.S. 9 (1992).........................................................................................14

*Co. of Los Angeles v. Shalala,*

   192 F.3d 1005 (D.C. Cir. 1999) ....................................................................13

*Fed. Power Comm'n v. Idaho Power,*

   *Comm'n*, 344 U.S. 17 (1952) .......................................................................13

*Friedrich v. Sec'y of Health & Human Servs.,*

   894 F.2d 829 (6th Cir. 1990) ......................................................................9, 11

*Goodman v. Sullivan,*

   891 F.2d 449 (2d Cir. 1989)........................................................................9, 10

*Habetler v. Burwell*,
   667 F. App'x 633 (9th Cir. 2016) ............................................ 1, 15

*Heckler v. Campbell*,
   461 U.S. 458 (1983) .................................................................. 7

*Homemakers N. Shore, Inc. v. Bowen*,
   832 F.2d 408 (7th Cir. 1987) .................................................. 11

*Kaiser Found. Health Plan, Inc. v. Burwell*,
   147 F.Supp.3d 897 (N.D. Cal.  2015) ...................................... 3

*Mayes v. Massanari*,
   276 F.3d 453 (9th Cir. 2001) .................................................... 7

*Minnesota Senior Fed'n, Metro. Region v. U.S.*,
   273 F.3d 805 (8th Cir. 2001) .................................................... 8

*Northwest Envtl. Def. Ctr. v. Gordon*,
   849 F.2d 1241 (9th Cir. 1988) ................................................ 14

*Occidental Eng'g Co. v. I.N.S.*,
   753 F.2d 766 (9th Cir. 1985) .................................................... 8

*Outdoor Media Grp., Inc. v. City of Beaumont*,
   347 F.Supp.2d 881 (C.D. Cal. June 30, 2005) .................... 14, 15

*Penny v. Sullivan*,
   2 F.3d 953 (9th Cir. 1993) ........................................................ 7

*Presbyterian Hosp. of Dallas v. Harris*,
   638 F.2d 1381 (5th Cir. 1981) ................................................ 13

*Smith v. Thompson*,
   210 F. Supp. 2d 994 (N.D. Ill. 2002) ........................................ 9

*Tackett v. Apfel*,
   180 F.3d 1094 (9th Cir. 1999) .................................................. 7

*Thomas Jefferson Univ. v. Shalala*,
   512 U.S. 504 (1994) .................................................................. 7

*U.S. v. Elias*,
   269 F.3d 1003 (9th Cir. 2001) ...............................................................8, 11

*Wilkins v. Sullivan*,
   889 F.2d 135 (7th Cir. 1989) ................................................................*passim*

**Statutes**

5 U.S.C. § 706 .............................................................................................1, 7, 8

5 U.S.C. § 706(2)(A) ..........................................................................................7

42 U.S.C. § 405(g) ..............................................................................................7

42 U.S.C. § 1395c(1) ..........................................................................................2

42 U.S.C. § 1395ff .........................................................................................4, 14

42 U.S.C. § 1395ff(b) .........................................................................................1

42 U.S.C. §§ 1395j-1395w-6 ..............................................................................2

42 U.S.C. § 1395kk-1 ..........................................................................................3

42 U.S.C. § 1395w-22(g)(5) ................................................................................7

42 U.S.C. § 1395y(a)(1)(A) .............................................................................3, 9

42 U.S.C. § 1395 .................................................................................................2

42 U.S.C. § 1395c ...............................................................................................2

**Regulations**

42 C.F.R. part 426 ............................................................................................14

42 C.F.R. § 405.1010(c) ......................................................................................5

42 C.F.R. § 405.1062(c) ....................................................................................14

42 C.F.R. § 405.968(b)(2) .................................................................................12

42 C.F.R. § 422.101(a) ...................................................................................2, 12

42 C.F.R. § 422.101(b) ............................................................................. *passim*

42 C.F.R. § 422.566 ............................................................................................3

42 C.F.R. § 422.592 ............................................................................................4

42 C.F.R. § 422.578 ................................................................................3

42 C.F.R. § 422.600 ................................................................................4

42 C.F.R. § 422.608 ................................................................................4

42 C.F.R. § 422.612 ................................................................................4

42 C.F.R § 405.1062 .............................................................................12

42 C.F.R. § 422.101(b) ...................................................................*passim*

**Other Authorities**

Pub.L. No. 89–97 ....................................................................................2

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Alex Azar, in his official capacity as Secretary of the United States Department of Health and Human Services (the "Secretary"), submits this memorandum in support of his cross-motion for summary judgment and in opposition to plaintiff's Motion for Summary Judgement (ECF No. 22) ("Dr. Maupin's Motion").

## I.   INTRODUCTION

This case is an action for an administrative record review of a final agency decision pursuant to Section 1869(b) of the Social Security Act, 42 U.S.C. § 1395ff(b). Plaintiff Frederic Maupin ("Dr. Maupin") challenges a May 2, 2019 determination by the Medicare Appeals Council (the "Council") denying Dr. Maupin's request for pre-approval of Medicare coverage for a device for tumor treatment field therapy ("TTFT"). (Certified Administrative Record ("CAR"), at 033-038.)[1]

The primary issue in this record review case is whether the Council's decision, based on a binding "local coverage determination," was arbitrary, capricious, an abuse of discretion, or not in accordance with law. 5 U.S.C. § 706. This is a high standard that Dr. Maupin cannot meet. Indeed, courts have held that Medicare's use of general coverage rules, like the local coverage determination at issue here, without regard to an individual patient's medical needs, is not arbitrary or capricious. *See Wilkins v. Sullivan*, 889 F.2d 135, 140 (7th Cir. 1989). Consistent with this principle, Dr. Maupin's request for pre-approval of TTFT was denied based on a binding local coverage determination. On this basis, the Secretary's cross-motion should be granted.

Through summary judgment, Dr. Maupin seeks to obtain an advisory opinion from this Court on an issue of law that is beyond its jurisdiction in a record review case. Dr. Maupin asks the Court to rule as a general matter of law that Medicare Part C "local coverage determinations" are not binding on administrative law judges and the Council in the Medicare claims review process. Dr. Maupin's Motion should be rejected because

---

[1] The CAR has been filed under seal with the Court, as reflected at ECF No. 26.

1

it is contrary to the plain reading of applicable statues and regulations. *See* 42 C.F.R. § 422.101(b). Unlike Medicare Parts A and B, Medicare Part C employs local coverage determinations that are binding on administrative law judges and the Council. Consequently, the Secretary respectfully requests that the Court deny Dr. Maupin's Motion and grant the Secretary's cross-motion for summary judgment.

## II.    STATUTORY AND REGULATORY BACKGROUND

### A.    Medicare and the Medicare Advantage Plan.

Congress established the Medicare program in 1965 when it passed the Medicare statute, 42 U.S.C. §§ 1395 *et seq*., as part of the Social Security Amendments of 1965. *See* Pub.L. No. 89–97, 79 Stat. 291 (July 30, 1965). The program provides health benefits to all persons who are at least sixty-five years old, and who are eligible for Social Security benefits or retirement benefits under the railroad retirement system. *See* 42 U.S.C. § 1395c(1). The program is divided into several parts that the Secretary administers through the Centers for Medicare & Medicaid Services ("CMS"), along with private entities known as Medicare Administrative Contractors ("MACs").

Medicare consists of four components: Parts A, B, C and D. 42 U.S.C. §§ 1395c, 1395j, 1395w-21, 1395w-101. Most relevant here is Medicare Part C, a program that allows eligible individuals to elect to receive Medicare benefits through enrollment in health plans that are generally administered by private insurance companies that have contracted with CMS to provide a type of plan in a particular service area. 42 U.S.C. § 1395-w27; 42 C.F.R. § 422.101(a). Medicare Part C plans are known as "Medicare Advantage" plans. 42 U.S.C. § 1395-22; 42 C.F.R. § 422.101(a). Also relevant to the Motion is Medicare Part A, a basic insurance plan that covers medical services related to inpatient hospitalization and skilled nursing care (42 U.S.C. §§ 1395c-1395i-5), and Medicare Part B, an insurance plan that covers medical services related to outpatient and physician care (42 U.S.C. §§ 1395j-1395w-6).

1    **B.    Local Coverage Determinations.**

2    As part of the Medicare program, the Secretary may develop Local Coverage

3    Determinations ("LCDs"), promulgated by the MACs. 42 U.S.C. § 1395kk-1. An LCD is

4    a determination regarding whether a particular item or service is covered in accordance

5    with 42 U.S.C. § 1395y(a)(1)(A). LCDs categorically determine what services "are not

6    reasonable and necessary for the diagnosis or treatment of illness or injury or to improve

7    the functioning of a malformed body member." *Id*. LCDs control only the MAC in the

8    region that the MAC is responsible for.

9    Medicare Part C plans must comply with LCDs as well as national coverage

10   determinations and general coverage guidelines included in original Medicare manuals

11   and instructions. 42 C.F.R. § 422.101(b). In the review of individual coverage

12   determinations for a Medicare Part C plan, an administrative law judge ("ALJ") and the

13   Council may not set aside or review the validity of an LCD for purposes of reviewing a

14   denial of coverage. *See* 42 C.F.R. Parts 426.110, 426.320, 426.400.

15   **C.    Review of Medicare Part C Coverage Determinations.**

16   There are several levels within the agency for review of individual coverage

17   determinations for Medicare Part C. The first level in the appeals process involves a

18   review of an adverse organization determination by a Medicare Advantage plan, the

19   evidence and findings upon which it was based, and any other evidence submitted by a

20   party to the organization determination, the Medicare Advantage plan, or CMS. 42

21   C.F.R. § 422.566; *see also Kaiser Found. Health Plan, Inc. v. Burwell*, 147 F.Supp.3d

22   897, 900 (N.D. Cal.  2015) (summarizing the review process for Medicare payment

23   decisions). This is the initial determination.

24   A party to an adverse initial determination has a right to request a "standard

25   reconsideration." Standard reconsideration consists of a review of the initial

26   determination, the evidence and finding upon which it was based, and any other evidence

27   that the parties submit or that is obtained by the plan. 42 C.F.R. §§ 422.578; 422.582.

28

At the next level in the review process, an unsatisfied party may request reconsideration from an Independent Review Entity. 42 C.F.R. § 422.592. From there, parties can appeal to a level of review by an ALJ. 42 C.F.R. §§ 422.600; 422.602. Next, parties can seek review before the Council. 42 C.F.R. §§ 422.608. Finally, they may seek review before a federal district court. 42 C.F.R. § 422.612.

There is a separate LCD challenge process before the Departmental Appeals Board ("DAB") whereby an ALJ or the DAB may review or set aside an LCD. 42 U.S.C. § 1395ff, Section 1869(f)(2); 42 C.F.R. Parts 426.110, 426.320, 426.400.

## III.  RELEVANT FACTS AND PROCEDURAL HISTORY

### A.   Tumor Treatment Field Therapy LCD.

At issue in this case is whether Dr. Maupin's Medicare Advantage plan was required to pay for not more than seven months of past TTFT treatment that Dr. Maupin received. Dr. Maupin's claim for coverage is based on LCD L34823 entitled "Tumor Treatment Field Therapy (TTFT)" ("TTFT LCD"), which became final on October 1, 2015. (CAR at 468-473.)  The TTFT LCD did not cover a TTFT device used to treat glioblastoma multiforme ("GBM"), a kind of brain tumor, because it was deemed not medically reasonable and necessary by the Council. (*Id*. at 470.) On September 1, 2019, the TTFT LCD was updated to allow coverage for TTFT used to treat newly diagnosed GBM, but not recurrent GBM. (Pease Decl. ¶ 8, Ex. A.)

### B.   Administrative Review Of Dr. Maupin's Request For Coverage.

Dr. Maupin enrolled in a Medicare Advantage plan offered by Kaiser. (CAR at 033, 477, 483, 504-762.)  Dr. Maupin was diagnosed with GBM in June 2018. (*Id*. at 475.) As part of his treatment, Dr. Maupin was prescribed a TTFT device in September 2018. (*Id*.) He submitted a request for pre-approval of coverage for TTFT under his Medicare Advantage plan. (*See id*. at 461.) Kaiser denied coverage of Dr. Maupin's claim pursuant to the TTFT LCD. (*Id*. at 477.) During his redetermination, Kaiser affirmed, using the TTFT LCD as the basis to not cover his claim. (*Id*. at 483.) Dr. Maupin sought reconsideration before the Independent Review Entity, which also denied

coverage, citing the LCD. (*Id*. at 461-464.)

Dr. Maupin then sought ALJ review.[2] The sole issue before the ALJ was: "Whether Kaiser Foundation Health Plan, is required to pre-approve Appellant's request for tumor treatment field therapy (TTFT) (E0766), pursuant to the provisions of Title XVIII of the Social Security Act and implementing regulations or under the terms of the Medicare Advantage Organization's health plan?" (CAR at 077; *see also id*. at 033.)

The ALJ conducted a hearing and issued a decision on February 1, 2019. (CAR at 765-801, 076-081.) Contrary to 42 C.F.R. § 422.101(b), the ALJ chose not to follow the TTFT LCD and instead found the TTFT device medically reasonable and necessary for Dr. Maupin and ordered Kaiser to cover it. (*Id*. at 080-081.)

Kaiser appealed to the Council. (*See* CAR at 033.) On May 2, 2019, the Council issued a decision reversing the ALJ. (*Id*. at 033-038.) The Council concluded that the LCD bound Kaiser, the ALJ, and the Council, stating:

> We clarify that no legal rationale or individual analysis of the medical record should be applied to depart from the clear provisions of an applicable LCD in the context of a [MAC] plan's coverage determination. While ALJs and the Council are required to give *substantial deference* to LCDs under original Medicare, the regulation is clear that LCDs, among other authorities, are *binding* on [MAC] plans.

(CAR at 36.)

---

[2] As is typical, no representative of the Secretary appeared at the ALJ hearing or submitted any briefing regarding the matter. (*See* CAR at 765-800.) The Department of Health and Human Services has adopted regulations defining when the government, through CMS or one of its contractors, may participate in an ALJ hearing. Participation is specifically defined and "may include filing position papers or providing testimony to clarify factual or policy issues in a case." 42 C.F.R. § 405.1010(c). The regulations permit the ALJ to "request" such participation, but the ALJ "may not require" it. *Id*. § 405.1010(a).

C.    **This Lawsuit.**

On June 28, 2019, Dr. Maupin filed a complaint with this Court. (ECF No. 1.) The relief that Dr. Maupin seeks is well beyond coverage and payment of past TTFT claims. Dr. Maupin asks the Court to hold as a matter of law that neither ALJs nor the Council are bound by LCDs when reviewing individual coverage determinations in Medicare Part C cases. The Complaint also seeks an order declaring that TTFT is medically reasonable and necessary and a covered benefit under the Medicare statutes and regulations.

At the time Dr. Maupin filed suit, the TTFT LCD was in the middle of the process of being revised, as the Motion acknowledges. (Motion at 7 n.7; *see also* CAR at 797 (Dr. Maupin's counsel: "Mr. Maupin does not have the luxury of time to wait for that process to be completed. If, following the normal timeline, that is completed in August of 2019, that will be too late for Mr. Maupin.") Effective as of September 1, 2019, the TTFT LCD was revised to include coverage for TTFT for newly diagnosed GBM, like Dr. Maupin's. (Pease Decl. ¶ 8, Ex. A.)

On October 8, 2019, the Secretary submitted an unopposed application to file the Certified Administrative Record under seal (ECF No. 15.), which the Court later granted.

On October 18, 2019, Dr. Maupin filed the Motion for summary judgment seeking judgment as to all seven counts in the Complaint. (ECF No. 22.) On October 18, 2019, the Secretary filed an *ex parte* application requesting to extend the deadline for the Secretary to prepare an opposition to Dr. Maupin's Motion and to vacate the November 18, 2019 hearing until sometime after the December 9, 2019 Scheduling Conference in this case. On October 25, 2019, the Court granted the Secretary's application in part by extending the Secretary's time to oppose Dr. Maupin's Motion to November 5, 2019.

On October 31, 2019, the parties submitted a joint stipulation to reschedule the hearing on the Motion to December 2, 2019. (ECF No. 28.) This stipulation was submitted so that the Secretary's cross-motion for summary judgment and Dr. Maupin's Motion could be heard at the same hearing.

1   **IV.     STANDARDS OF REVIEW**

2          **A.     Standard Of Review In APA Cases.**

3          Jurisdiction in this Court rests on 42 U.S.C. § 1395w-22(g)(5), and 42 U.S.C. §

4   405(g), which allows for judicial review, pursuant to the Administrative Procedure Act

5   ("APA"), 5 U.S.C. § 706, of a final decision by the Secretary. Judicial review of the

6   Secretary's final decision must be based solely on the administrative record. *See* 5

7   U.S.C. § 706; *Camp v. Pitts*, 411 U.S. 138, 142 (1973).

8          Under the APA, the Court is bound to uphold a decision of the Secretary unless

9   the decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in

10  accordance with law; [or] unsupported by substantial evidence." 5 U.S.C. § 706(2)(A),

11  (E). Thus, the Secretary's decision may be disturbed only if it is not supported by

12  substantial evidence on the record as a whole or it is based on legal error. *See Tackett v.*

13  *Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citing *Penny v. Sullivan*, 2 F.3d 953, 956

14  (9th Cir. 1993)). "Substantial evidence" is defined as "more than a mere scintilla but less

15  than a preponderance." *Id.* at 1098. "[A] Court must consider the record as a whole,

16  weighing both evidence that supports and evidence that detracts from the Secretary's

17  conclusion." *Id*. Additionally, if the evidence can rationally be interpreted in more than

18  one way, the court must uphold the Secretary's decision. *Mayes v. Massanari*, 276 F.3d

19  453, 459 (9th Cir. 2001).

20         The Secretary must be accorded the broadest possible discretion in implementing

21  the statutes and regulations and his interpretation may be set aside only if arbitrary,

22  capricious, or manifestly contrary to applicable law. *See Heckler v. Campbell*, 461 U.S.

23  458, 466 (1983); *Chevron, U.S.A., Inc. v. Natural Res. Def.*, 467 U.S. 837, 843-44

24  (1984). Deference is all the more warranted when a question of interpretation arises

25  under a "complex and highly technical regulatory program," such as Medicare, in which

26  even "the identification and classification of relevant criteria necessarily require

27  significant expertise, and entail the exercise of judgment grounded in policy concerns."

28  *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994). Thus, according to the

7

Ninth Circuit, if an agency's interpretation "is reasonable, we must defer to the agency's interpretation, even if we would have reached a different result had we construed the statute initially." *U.S. v. Elias*, 269 F.3d 1003, 1010 (9th Cir. 2001).

**B.  Summary Judgment Motions In Record Review Cases.**

In APA cases, the Court does not determine whether there are disputed issues of material fact as it would in a typical summary judgment proceeding; its review is based on the administrative record. *See* 5 U.S.C. § 706; *Camp v. Pitts*, 411 U.S. 138, 142 (1973). The Court "is not required to resolve any facts in a review of an administrative proceeding." *Occidental Eng'g Co. v. I.N.S.*, 753 F.2d 766, 769 (9th Cir. 1985). "Certainly, there may be issues of fact before the administrative agency. However, the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Id.*

**V.  ARGUMENT**

**A.  The Secretary's Denial Of Coverage Was Not Arbitrary, Capricious, An Abuse Of Discretion, Or Contrary To Law.**

    1.  <u>Medicare Part C's Use Of Binding LCDs Is Not Arbitrary, Capricious, Or Contrary To Law.</u>

The Secretary's denial of coverage, made through the Council's decision, for Dr. Maupin's TTFT treatment was not arbitrary, capricious, an abuse of discretion, or contrary to law. *See* 5 U.S.C. § 706. "Distributing . . . Medicare benefits is a massive undertaking which 'requires Congress to make many distinctions among classes of beneficiaries while making allocations from a finite fund.'" *Minnesota Senior Fed'n, Metro. Region v. U.S.*, 273 F.3d 805, 808 (8th Cir. 2001) (citing *Bowen v. Owens*, 476 U.S. 340, 345 (1986)). "Congress adopted the Medicare+Choice [a/k/a/ Medicare Advantage] program as a means of containing costs and expanding health care delivery options. These are legitimate objectives." *Id*. at 808-09.

The "Medicare statute does not require coverage for all medically necessary procedures." *Goodman v. Sullivan*, 891 F.2d 449, 450-51 (2d Cir. 1989) ("The prohibitory language of § 1395y(a)(1)(A), which bars benefits for services 'not reasonable and necessary' for diagnosis or treatment, is not reasonably interpreted as an affirmative mandate to extend coverage to all necessary services. . . ."). Indeed, the extraordinary administrative and technical expertise the Secretary brings to bear in coverage determinations is what underlies judicial decisions holding that "[t]his is not an appropriate occasion for judges to play doctor. Congress delegated these difficult decisions to agencies that have developed specialized knowledge." *Wilkins v. Sullivan*, 889 F.2d 135, 140 (7th Cir. 1989); *Smith v. Thompson*, 210 F. Supp. 2d 994, 1000 (N.D. Ill. 2002) ("form of treatment may be necessary and completely successful in a particular case yet still be per se unreasonable and unnecessary under 42 U.S.C. § 1395y(a)(1)(A)").

Courts have sustained the use of general coverage rules without regard to an individual patient's medical needs. *Wilkins*, 889 F.2d at 139 n.6 (agency's "automatic reliance" on coverage guideline without providing individualized hearing was not arbitrary and capricious); *Bosko v. Shalala*, 995 F. Supp. 580, 583 (W.D. Pa. 1996) (Secretary may deny coverage based on a Medicare manual provision, "even if th[e] plaintiff can prove that she truly needs [the procedure]"). Courts have consistently held that it is the Secretary—not the physician for a patient-beneficiary—who ultimately makes the determination as to which items and services are covered and thus payable under the Medicare statute. *See*, *e.g.*, *Bodnar v. Sec'y of Health & Human Servs.*, 903 F.2d 122, 125 (2d Cir. 1990) ("The Medicare statute unambiguously vests final authority in the Secretary, and no one else, to determine whether a service is reasonable and necessary, and thus whether reimbursement should be made."); *Friedrich v. Sec'y of Health & Human Servs.*, 894 F.2d 829, 838 (6th Cir. 1990) ("There is no legitimate claim of entitlement to a given medical procedure just because a doctor prescribes it or a patient requests it.").

1         *Goodman v. Sullivan*, 891 F.2d 449 (2d Cir. 1989) is directly on-point. In

2    *Goodman*, the plaintiff sought review of the denial of coverage for an MRI procedure.

3    *Id*. at 450. At the time that plaintiff had an MRI, it was considered an "experimental,

4    investigative, or unproven procedure" that was not covered under Medicare. *Id*. at 449-

5    450. The Second Circuit Court of Appeals upheld the denial of coverage even though the

6    Secretary extended coverage to MRIs less than ten months after plaintiff underwent the

7    procedure. *Id*. at 450. In upholding the denial, the court explained, "The prohibitory

8    language of § 1395y(a)(1)(A), which bars benefits for services 'not reasonable and

9    necessary' for diagnosis or treatment, is not reasonably interpreted as an affirmative

10   mandate to extend coverage to all necessary services." *Id*. The court stated that

11   "[m]edical technology is constantly changing" and "the Secretary, in order to execute

12   faithfully the mandates of the Medicare statute, necessarily must paint with a broad

13   brush by issuing regulations specifying certain services as per se not reasonable or

14   necessary, such as those which are experimental and not yet generally accepted in the

15   medical community." *Id* at 451.

16        Here, Dr. Maupin's request for pre-approval of coverage was denied as part of

17   Kaiser's uniform application of the TTFT LCD. As the Certified Administrative Record

18   demonstrates, Natalya Olson, a clinical consultant for Kaiser Permanente Health Plan,

19   testified before the ALJ, "that's actually what [Kaiser] has been doing, which is denying

20   these devices in order to avoid discriminatory impact, because that's what the CMS rules

21   basically dictate." (CAR at 783-784.) Similarly, as Kaiser argued to the Council, the

22   "ALJ is going against guidance that the Plan is bound by . . . and in doing so, the ALJ is

23   creating an inconsistent application of the law as well as creating a lack of uniformity

24   amongst enrollees and their access to [] TTFT devices." (CAR at 034.) As Kaiser

25   informed the Council, Kaiser "has applied this rationale uniformly to all enrollees who

26   request coverage of TTFT." (CAR at 063.)

27

28

Dr. Maupin in contrast argues that an exception should be made for him. As his counsel argued at the hearing before the ALJ: "if ever there were a circumstance where a judge should not give deference to an LCD, as other judges have found, it is when a Medicare beneficiary's life hangs in the balance while the DMAC medical directors revise an LCD, and an LCD which on its face does not conform to the requirements of the Program Integrity Manual." (CAR at 798.) Dr. Maupin's position is directly contrary to established case law. *See*, *e.g.*, *Bosko*, 995 F. Supp. at 583 (W.D. Pa. 1996) (Secretary may deny coverage based on a Medicare manual provision, "even if th[e] plaintiff can prove that she truly needs [the procedure]"); *Friedrich*, 894 F.2d at 838 ("There is no legitimate claim of entitlement to a given medical procedure just because a doctor prescribes it or a patient requests it."). Moreover, adopting Dr. Maupin's approach would lead to more inconsistent case-by-case determinations at the discretion of ALJ's despite the existence of applicable LCDs of general application.

The fact that the ALJ reached a different decision is not persuasive. It is the Secretary's decision, made through the Council, not the ALJ decision, that was adopted by the Secretary and is before the Court for review. *See Homemakers N. Shore, Inc. v. Bowen*, 832 F.2d 408, 413 (7th Cir. 1987) ("'The Secretary's position' is the position of the Department as an entity, and the fact that people in the chain of command have expressed divergent views does not diminish the effect of the agency's resolution of those disputes."). If an agency's interpretation is reasonable, the Court "must defer to the agency's interpretation, even if [it] would have reached a different result had [it] construed the statute initially." *U.S. v. Elias*, 269 F.3d 1003, 1010 (9th Cir. 2001).[3]

---

[3] In footnote 7, Dr. Maupin's Motion contends that the "vast majority" of Medicare ALJs declined to follow the TTFT LCD between June 2018 and July 2019. Plaintiff's contention is not supported by citations or any evidence, contrary to Local Civil Rule 7-6 ("Factual contentions involved in any motion and opposition to motions shall be presented, heard, and determined upon declarations and other written evidence (including documents, photographs, deposition excerpts, etc.) alone[.]") It is also contrary to Dr. Maupin's position before the ALJ, asserting, "That the Medicare appeal process results in different outcomes for different beneficiaries based on different administrative records is irrelevant. The Medicare regulations contemplate those differences and deem ALJ decisions to be non-precedential." (CAR at 058-059.)

2.    The TTFT LCD Was Binding On The ALJ And The Council.

In his Motion, Dr. Maupin argues that as a general matter of law, administrative law judges and the Medicare Appeals Council are not bound by LCDs in individual coverage disputes regarding Medicare Part C coverage. Dr. Maupin argues that the Council's decision was contrary to law because the TTFT LCD was not binding on the ALJ or the Council. His argument, however, is based on misapplication of Medicare Part A & B regulations to Medicare Advantage.

A Medicare Advantage plan must offer its enrollees "basic benefits," i.e., "[a]ll services that are covered by Part A and Part B of Medicare . . . and are available to beneficiaries residing in the plan's service area." 42 C.F.R. § 422.101(a). Regulations, however, expressly provide that when providing "basic benefits," Medicare Advantage plans must comply with LCDs in making coverage determinations. 42 C.F.R. § 422.101(b).

Consistent with this, the Council found that Kaiser's Medicare Advantage plan was bound by the LCD. (CAR at 036 (citing 42 C.F.R. § 422.101(b)).) The Council noted that while ALJs and the Council are required to give substantial deference to LCDs under original Medicare, the regulation is clear that LCDs are binding on Medicare Part C plans. (CAR at 36.) This has been further explained in sub-regulatory guidance, Medicare Managed Care Manual[4], Chapter 4, Section 90.4.1, which states that a Managed Care Organization, like Kaiser, must follow the coverage policy reflected in an LCD issued by a MAC.

This, Dr. Maupin asserts, is a misapplication of the law. He cites to 42 C.F.R. § 405.968(b)(2), which provides that in Part B appeals the Qualified Independent Contractor (QIC) is not bound by the LCDs. 42 U.S.C. § 1395ff(c)(B)(ii)(II). He also cites to 42 C.F.R § 405.1062, by which ALJs and the Council give substantial deference to LCDs. However, these regulations do not apply to Medicare Part C appeals. 42 C.F.R.

---

[4] Available online at: https://www.cms.gov/Regulations-and-Guidance/Guidance/Manuals/downloads/mc86c04.pdf

§ 422.101(b). Section 422 expressly controls Medicare Advantage plans, while Section 405 expressly covers A and B. Dr. Maupin has not offered any authority to conflate the distinct appeals process that exist for Part C as compared to Parts A and B. The infirmity of Dr. Maupin's novel argument is borne out by the lack of supporting case law in the Motion.

## B.   The Relief That Dr. Maupin Seeks Is Beyond The Court's Jurisdiction In This Record Review Matter.

The Complaint seeks broad relief that is beyond the Court's jurisdiction in a record review matter for several reasons. As an initial matter, there is no need for the Court to address the issue of whether all Medicare Part C LCDs are binding on ALJs and the Council in all individual coverage determinations. The narrow issue before the Council was whether the TTFT LCD was binding on the ALJ and the Council with respect to Dr. Maupin's request of pre-approval of coverage.

### 1.   The Court Does Not Have Jurisdiction To Make A Final Determination Of Coverage.

Even if Dr. Maupin could show that the Council's decision was arbitrary, capricious, or contrary to law, then the appropriate remedy would be to remand the case to the Secretary to make a final determination of how much payment is needed to cover Dr. Maupin's past TTFT treatment. Where an error of law has been corrected by a reviewing court and the only questions remaining have not yet been considered by the agency, the appropriate action is to remand to the agency so that it may exercise its authority. *Presbyterian Hosp. of Dallas v. Harris*, 638 F.2d 1381, 1399 (5th Cir. 1981); *see also Fed. Power Comm'n v. Idaho Power Comm'n*, 344 U.S. 17, 20 (1952) ("the function of the reviewing court ends when an error of law has been laid bare. At that point the matter once more goes to the agency for reconsideration"); *Co. of Los Angeles v. Shalala*, 192 F.3d 1005, 1023 (D.C. Cir. 1999).

2. The Court Does Not Have Jurisdiction To Review The TTFT LCD Itself.

Counts I and VII of the Complaint seek a declaration that the TTFT is medically reasonable and necessary to treat GBM and is covered by Medicare Advantage. These Counts challenge the TTFT LCD itself, but Dr. Maupin, by regulation, may not challenge the LCD itself. 42 U.S.C. 1395ff creates an appeals process for Medicare beneficiaries to challenge LCDs that affect them and are in effect at the time of the challenge.

As noted in the Council's decision, this separate LCD challenge process is before the Departmental Appeals Board ("DAB"), Civil Remedies Division, whereby an ALJ or the DAB may review or set aside an LCD. CAR at 037; 42 U.S.C. § 1395ff, Section 1869(f)(2); 42 C.F.R. Parts 426.110; 426.320; 426.400. The DAB Civil Remedies Division is a different organization from the Council.

Here, the Departmental Appeals Board has searched and has no record that Dr. Maupin has directly challenged the TTFT LCD using the LCD challenge process under the regulations codified in 42 C.F.R. part 426 and 42 C.F.R. § 405.1062(c). (Pease Decl. ¶ 7.) Dr. Maupin's counsel conceded as much at the hearing before the ALJ. (CAR 795, line 12) ("I can't file a challenge."). Therefore, Dr. Maupin's Motion should be denied and his claims seeking to challenge the TTFT LCD—Count I (Contrary to Law) and Count VII (Declaratory Judgment)—should be dismissed because he is seeking relief beyond the Court's jurisdiction.

3. Counts I And VII Of The Complaint Should Be Dismissed As Moot.

A federal court does not have authority "to give opinions upon moot questions." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Northwest Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988). "[A]s a general rule, if a challenged law is repealed or expires, the case becomes moot." *Outdoor Media Grp., Inc. v. City of Beaumont*, 347 F.Supp.2d 881, 883

14

1   (C.D. Cal. June 30, 2005) (citing multiple U.S. Supreme Court cases). In *Outdoor Media*

2   *Group*, this Court dismissed as a moot a complaint that sought relief on a city ordinance

3   that had been repealed and replaced. *Id.* at 884, 886.

4           Directly on point here is *Habetler v. Burwell*, 667 F. App'x 633 (9th Cir. 2016). In

5   *Habetler*, the plaintiff filed a lawsuit seeking declaratory and injunctive relief in which

6   she challenged a Medicare contractor's local coverage determination. *Id* at 633. After

7   plaintiff filed suit in district court, the "local coverage determination was retired and thus

8   was no longer in place." *Id.* After "the case was briefed by the parties without any

9   mention of fact that the local coverage determination was no longer in place," the Ninth

10  Circuit raised the issue of mootness on its own. *Id.* at 634. The court concluded that

11  "because the local coverage determination has been retired, 'there is nothing left to

12  enjoin.'" *Id.* (citing *Arc of Cal. v. Douglas*, 757 F.3d 975, 982 (9th Cir. 2014)). The court

13  held that a "declaration that the local coverage determination would be invalid were it

14  still in place would be an advisory opinion." *Id.* (citing *Ashcroft v. Mattis*, 431 U.S. 171

15  (1977)). Therefore, the case was moot. *Id*

16          In this case, the sole issue before the ALJ and the Council was whether Kaiser was

17  required to pre-approve Dr. Maupin's request for TTFT. (CAR at 077, 033.) The TTFT

18  LCD pertaining to Dr. Maupin's request was changed after Dr. Maupin filed suit. (Pease

19  Decl. ¶ 8, Ex. A; Motion at 7 n.7.) The LCD now includes coverage for TTFT of newly

20  diagnosed GBM, which includes Dr. Maupin's condition. (*Id.*) Therefore, there is no

21  present controversy as to which effective relief can be granted for Count I (Contrary to

22  Law) and Count VII (Declaratory Judgment). Counts I and VII both seek an order that

23  TTFT is medically reasonable and necessary to treat Dr. Maupin's GBM. Because the

24  TTFT has changed to cover newly diagnosed TTFT, there is no need for such an order.

25  Therefore, Counts I and VII should be dismissed as moot.

26

27

28

1

## VI.  CONCLUSION

For these reasons, the Court should deny Dr. Maupin's Motion for summary judgment and grant the Secretary's cross-motion for summary judgment.

Dated: November 4, 2019                    Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section


 */s/ Paul B. Green*
PAUL B. GREEN
Assistant United States Attorney

Attorneys for Defendant Alex Azar, Secretary, United States Department of Health and Human Services

16