NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
PAUL B. GREEN (Cal. Bar No. 300847)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-0805
    Facsimile: (213) 894-7819
    E-mail: Paul.Green@usdoj.gov

Attorneys for Defendant Alex Azar, Secretary,
United States Department of Health and Human Services

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FREDERIC MAUPIN, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>ALEX AZAR, in his official capacity as Secretary of the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>    Defendant. | No. CV 19-5673-MWF (JPRx)<br><br>**DEFENDANT'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:  December 2, 2019<br>Hearing Time:  10:00 a.m.<br>Ctrm:  5A<br>Hon.  Michael W. Fitzgerald |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

Pursuant to Local Civil Rule 56-2, Defendant submits this Statement of Genuine Disputes in opposition to Plaintiff's Motion for Summary Judgement (ECF No. 22) ("Motion") and in response to Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law (ECF No. 22-2).

This case does not present any disputed issues of material fact because the Court's review is limited to the Certified Administrative Record ("CAR") on which the agency based its decision. *See* 5 U.S.C. § 706; *Camp v. Pitts*, 411 U.S. 138, 142 (1973). Accordingly, the Court may direct summary judgment to either party based on its review of the CAR. *See Lands Council v. Powell*, 379 F.3d 738, 743 (9th Cir. 2004), *amended by* 395 F.3d 1019 (9th Cir. 2005). Defendant disputes Plaintiff's alleged uncontroverted facts to the extent Plaintiff mischaracterizes or misstates the facts in the CAR or makes unsupported conclusions about evidence in the CAR. The Secretary also objects to the factual assertions in the Motion that are not supported by any citations to the Certified Administrative Record or any other evidence. *See* Motion at pages 1-2, 6-7, and page 7 n.7; *see also* Local Civil Rule 7-6. Furthermore, while Plaintiff has filed a document titled "Statement of Uncontroverted Facts and Conclusions of Law" (ECF No. 22), Plaintiff's statement has no proposed conclusions of law, as required by Local Civil Rule 37-1.

| Pls.' SUF No. | Plaintiff's Fact | Supporting Evidence | Defendant's Response |
|---|---|---|---|
| 1. | On February 1, 2019, ALJ Troy Smith issued a decision requiring Kaiser to approve Dr. Maupin's request for TTFT coverage. | *See* Declaration of Farah Tabibkhoei in support of Plaintiff's Application to File Administrative Record Under Seal and Plaintiff's Motion for Summary Judgment (the "Tabibkhoei | Disputed in part. The ALJ's decision required Kaiser to "pre-approve" Dr. Maupin's request for TTFT coverage. (CAR at 081.) |

1

| Pls.' SUF No. | Plaintiff's Fact | Supporting Evidence | Defendant's Response |
|---|---|---|---|
| | | Decl.") [Doc. 20], at ¶ 4 and Exh. 1 thereto (Administrative Record) at 076-081. | |
| 2. | In ordering coverage, ALJ Smith exercised his discretion to depart from LCD L34823 | *See* Tabibkhoei Decl., [Doc. 20] at ¶ 4, Exh. 1 thereto at 080-081. | Disputed in part. Defendant disputes Plaintiff's characterization that the ALJ exercised discretion or had authority to depart from LCD L34823. |
| 3. | On March 19, 2019, Kaiser requested review by the Medicare Appeals Council (MAC). | *See* Tabibkhoei Decl., [Doc. 20] at ¶ 4, Exh. 1 thereto at 061. | Undisputed. (CAR 061-064.) Kaiser requested that the MAC review the ALJ's decision "concluding that the enrollee's Medicare Advantage (MA) plan (Plan) was required to pre-approve coverage for a Tumor Treatment Field Therapy (TIFT) electrical stimulation device (E0766) used to treat glioblastoma." (CAR at 033.) |

| Pls.' SUF No. | Plaintiff's Fact | Supporting Evidence | Defendant's Response |
|---|---|---|---|
| 4. | Kaiser contended that because Kaiser was bound by an LCD at the initial and reconsideration stages, ALJ Smith should also be bound by the LCD. | *See* Tabibkhoei Decl., [Doc. 20] at ¶ 4, Exh. 1 thereto at 061-063. | Undisputed. Among other things, Kaiser stated that 42 C.R.R. § 422.201 "states that MAOs must not only provide coverage of all services that are covered by Part A and Part B of Medicare but must also comply with CMS' national coverage determinations and coverage decisions written by local Medicare contractors." (CAR at 063.) |
| 5. | On May 2, 2019, the MAC reversed ALJ Smith and held that ALJs and the MAC are bound by LCDs and have no discretion to depart from them. | *See* Tabibkhoei Decl., [Doc. 20] at ¶ 4, and Exh. 1 thereto at 033-038. | Undisputed. Among other things, the MAC stated, "We clarify that no legal rationale or individual analysis of the medical record should be applied to depart from the clear provisions of an applicable LCD in the context of a MA plan's coverage determination. While ALJs and the Council are required to give *substantial deference* to LCDs under |

3

| Pls.' SUF No. | Plaintiff's Fact | Supporting Evidence | Defendant's Response |
|---|---|---|---|
| | | | original Medicare, the regulation is clear that LCDs, among other authorities, are *binding* on MA plans." (CAR at 36.) |

Dated: November 4, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

 /s/ Paul B. Green
PAUL B. GREEN
Assistant United States Attorney

Attorneys for Defendant Alex Azar, Secretary, United States Department of Health and Human Services

4