Farah Tabibkhoei (SBN 266312)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:  +1 213 457 8000
Facsimile:   +1 213 457 8219
Email:  FTabibkhoei@reedsmith.com

James C. Pistorino (SBN 226496)
PARRISH LAW OFFICES
224 Lexington Dr.
Menlo Park, CA  94025
Telephone: (412) 561-6250
Facsimile: (412) 561-6253
Email: james@dparrishlaw.com

Attorneys for Plaintiff Frederic Maupin

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERIC MAUPIN, an individual,<br><br>Plaintiff,<br>v.<br>ALEX AZAR, in his official capacity as Secretary of the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Defendant. | Case No. 2:19-cv-05673-MWF-JPR<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date:  December 2, 2019<br>Time: 10:00 a.m.<br>Place: First Street Courthouse<br>350 West First Street,<br>Courtroom 5A<br>Los Angeles, California 90012 |

## I. INTRODUCTION

Plaintiff Dr. Frederic Maupin ("Dr. Maupin") files this Reply in support of his motion for summary judgment. In a single paper, the Secretary both opposed Dr. Maupin's motion for summary judgment and filed a cross-motion for summary judgment. *See* Dkt. #29. Dr. Maupin opposed the Secretary's cross-motion. *See* Dkt. #31. However, on reply to his own cross-motion, the Secretary presents new arguments in opposition to Dr. Maupin's motion as well as arguments not previously presented in the Secretary's own cross-motion. Rather than stand on procedural objections to the Secretary's approach, in the interests of efficiency, Dr. Maupin will reply across the board.

## II. DISCUSSION

### A. The Standard of Review

The Secretary appears to have at least partially recanted his prior claims regarding the standard of review. *See* Dkt. # 29 at 7. Now, instead of "broadest possible discretion", "manifestly contrary to applicable law", etc., the Secretary concedes that the appropriate standard is any standard under the Administrative Procedure Act ("APA") (*i.e.*, contrary to law/arbitrary and capricious) (*See* Dkt. #32 at 1) – exactly as set forth in Dr. Maupin's motion.

With regard to statutory/regulatory construction, as Dr. Maupin has previously noted, the first step is to use all the traditional rules of statutory construction when construing a provision. Only if after doing so, the Court cannot discern Congress' meaning and concludes that the provision is ambiguous, should the Court proceed to analysis applying *Chevron*. *See SAS Inst., Inc. v. Iancu*, 138 S.Ct. 1348, 1358 (2018). In the present case, the Secretary does not contend that any of the provisions are ambiguous.[1] Thus, this matter should be reviewed under the APA standards.

---

[1] Dkt. #32 at 7, fn 7 is addressed below.

Having first apparently recanted, the Secretary now claims that "the Secretary's decision … to deny Dr. Maupin's claim … is accorded substantial deference." Dkt. #32 at 2 (*citing Heckler v. Ringer*, 466 U.S. 602 (1984)).  Of course, *Heckler* says nothing like that.  Instead, *Heckler* says that a writ of mandamus can only issue if a party has exhausted all of his administrative remedies and the defendant owes the plaintiff "a clear nondiscretionary[2] duty." *Id.* at 616-7.  In that context, a writ of mandamus could not issue against the Secretary because whether items are "reasonable and necessary" and how to determine that "are clearly discretionary decisions."  Further, while a writ of mandamus is not available to review the Secretary's actions in this context, § 405(g) is the remedy "for challenging all aspects of the Secretary's denial of their claims[.]" *Id.*  Any review under § 405(g) would be conducted under the standards Dr. Maupin has articulated.

The other cases cited by the Secretary add nothing to the inquiry and simply reiterate the *Chevron* analysis or indicate that the Secretary's decision whether to issue LCDs or adjudicate cases individually is discretionary.  Dkt. #32 at 2-3.  None of those cases indicate that the proper standard of review for a coverage denial is anything other than that articulated by Dr. Maupin.

**B.     The Secretary's Decision Is Contrary to Law/Arbitrary and Capricious Because ALJs and the Council Are Not Bound by LCDs in Medicare Advantage Plan Cases**

As Dr. Maupin showed in his opening papers, Congress has commanded the Secretary to provide "Medicare Advantage" Plan participants hearings "to the same extent as provided in section 405(b) of this title" – *i.e.*, "Original Medicare" hearings. *See* 42 U.S.C. § 1395w-22(g)(5).  For Original Medicare cases, the Secretary has implemented 405(b)'s command to provide hearings by issuing regulations at 42 C.FR. §§ 405.1000-1140.  Those regulations provide that neither ALJs nor the Council are

---

[2] *See* BLACK'S LAW DICTIONARY pg 467 (6th ed) ("Discretionary acts:  Those acts wherein there is no hard and fast rule as to the course of conduct that one must or must not take and, if there is a clearly defined rule, such would eliminate discretion.")

bound by LCDs.  *See* 42 C.F.R. § 405.1062(a) ("ALJs … and the Council are not bound by LCDs[.]").

For Medicare Advantage Plans and § 1395w-22(g)(5)'s command to provide hearings "to the same extent" as Original Medicare hearings, the Secretary has not issued separate regulations for hearings and appeals.  Instead, the Secretary has adopted the regulations applicable to Original Medicare.  *See* 42 C.F.R. §§ 422.562(d)(1); 422.608.  Consistent with that approach, both the ALJ and the Council cited the regulations applicable to Original Medicare hearings in making their determinations in Dr. Maupin's Medicare Advantage hearing and appeal.  *See, e.g.*, CAR at 33 ("The Council reviews the ALJ's decision *de novo*.  42 C.F.R. § 405.1108(a)."; CAR at 78 (citing 42 C.F.R. §§ 405.1002; 405.1032(a)).  As indicated, the regulations applicable state that neither ALJs nor the Council are bound by LCDs.

Thus, the Council's decision is contrary to law both because:

1) A hearing providing for limited review in which an ALJ and/or the Council are bound by LCDs is not a hearing "to the same extent" as a hearing in which they are not (in violation of 42 U.S.C. § 1395w-(22)(g)(5)); and

2) The Secretary's own regulations state that Medicare Advantage Plan hearings will be conducted according to the regulations applicable to Original Medicare and those regulations provide that ALJs and the Council are not bound by LCDs.

Accordingly, the Councils' decision should be reversed.

### C.     The Secretary's Arguments Are Without Merit

The Secretary's general claims that the department has the power to issue LCDs, etc. (Dkt.#32 at 3-4) are simply beside the point and are not challenged by Dr. Maupin.  What Dr. Maupin does challenge is the Secretary's effort to violate Congress' command that the Secretary provide Medicare Advantage plan participants hearings "to the same extent" as Original Medicare hearings.  Closely related thereto, Dr. Maupin challenges the Secretary's disregard of his own regulations providing for the same.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
- 3 -

The material appearing on pages 4-7 of the Secretary's Reply requires no detailed response.  Dkt. #32 at 4-7.  The Secretary's claim that "… Original Medicare and Medicare Advantage have distinct and separate regulations" is belied by the regulations themselves.  Dkt. #32 at 5.  See 42 C.F.R. §§ 422.562(d)(1); 422.608.  As noted, on their face, those regulations adopt the regulations of Original Medicare for Medicare Advantage cases.  Thus, the Secretary's claim that there are "distinct and separate regulations" is factually untrue.

At base, the Secretary contends that because LCDs are binding on Part C plans, somehow, that means LCDs are binding on ALJs and the Council.  There is simply no authority to support that claim and the Secretary cites none.  As Dr. Maupin has noted before, in Original Medicare, LCDs are binding on the first levels of claim review.  However, it is undisputed that LCDs do not bind ALJs and the Council.  Likewise, that LCDs are binding on the first levels of claim review in Medicare Advantage plans, indicates nothing about whether LCDs are binding on ALJs and the Council.  As noted, 42 C.F.R. §§ 422.562(d)(1); 422.608 indicate that the regulations specifying that ALJs and the Council are not bound by LCDs in Original Medicare cases, also apply to Medicare Advantage plans.  Moreover, were it otherwise, then Medicare Advantage plan participants would not have hearings before the Secretary "to the same extent" as Original Medicare participants and, of course, that is barred by Congress.

On pages 5-6 of the Reply, the Secretary offers an inverted reading of the regulations.  That is, the Secretary offers that because 42 C.F.R. § 405.1062(a) provides that LCDs are not binding on ALJs and the Council in Original Medicare cases, and there is no explicit provision providing the same in § 422 for Medicare Advantage plans, that "demonstrates the intention that LCDs be binding on … ALJs and the Council[.]"

Of course, that is simply a backwards reading.  Pursuant to 42 C.F.R. §§ 422.562(d)(1); 422.608, the Secretary adopted the regulations applicable to Original Medicare cases for Medicare Advantage cases and, by doing so, obviated the need to issue separate regulations for Medicare Advantage cases.  Thus, in the face of 42 C.F.R.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
- 4 -

§§ 422.562(d)(1); 422.608, the regulations applicable to Original Medicare cases apply to Medicare Advantage cases.  Again, this must be so or participants in Medicare Advantage cases would not be provided hearings "to the same extent" as Original Medicare cases as commanded by Congress .

On page 7, the Secretary makes his first effort to actually address the relevant provisions of 42 U.S.C. §§ 1395w-22(g)(5) and 405(b).  In seeking to minimize the provisions, the Secretary contends that § 1395w-22(g)(5) "is simply a provision that guarantees an enrollee challenging a coverage dispute an opportunity to present his or her arguments to an agency decision maker at an evidentiary hearing."  Nothing could be further from the truth.

As noted, § 1395w-22(g)(5) requires not just a hearing - but a hearing "to the same extent" as is applicable in Original Medicare cases.  The Secretary has issued regulations concerning the extent of hearings in Original Medicare cases at 42 C.F.R. § 405.  *See* 42 C.F.R. § 405.900(a) ("Statutory basis:  This subpart is based on the following provisions of the Act:  (1) [42 U.S.C. § 1395ff] (a) through (e) and (g) of the Act.").  Thus, any hearing which is not co-extensive with an Original Medicare hearing, does not comply with Congress' command.  Of course, one aspect of an Original Medicare hearing is that neither ALJs nor the MAC are bound by LCDs.  Thus, this same scope must be provided in Medicare Advantage hearings.

On pages 8-9, the Secretary makes an effort to rely on the "to the extent they are appropriate" language of 42 C.F.R. §§ 422.562(d)(1); 422.608 to dodge the plain meaning of the regulations and Congress' command in § 1395w-22(g)(5).  Thus, the Secretary argues that it should be left to the Secretary's discretion to determine which regulations apply – apparently on an *ad hoc*/*post-hoc* basis.  This is so, the Secretary argues, because he has "'unique expertise', often of a scientific or technical nature."

Of course, the Secretary has no "unique expertise" in determining Congress' commands as set forth in statutes.  Further, the scope of hearings in Original Medicare cases versus Medicare Advantage cases is not of a "scientific or technical nature" and,

therefore, no deference should be given to the Secretary's claims. While the viability of *Chevron* is the subject of intense debate, under *Chevron*, the Court should first determine:

> whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.

*Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-3 (1984). Here, Congress has directly spoken to the precise question at issue – that is, are participants in Medicare Advantage plans entitled to hearings to "the same extent" as Original Medicare participants? Congress has said that they are and one aspect of such hearings is that ALJs and the Council are not bound by LCDs. Thus, the Court and the Secretary must give effect to the unambiguously expressed intent of Congress and the Secretary cannot conduct Medicare Advantage hearings with one scope and Original Medicare hearings with a different scope.[3] Indeed, interpreting the Secretary's own regulations applying Original Medicare procedures to Medicare Advantage hearings such that the hearings are of different scope would be unreasonable and, again, not entitled to deference under *Chevron*.[4]

**D.  This Case is Not Moot**

Unaddressed in the Secretary's most recent filing is the Secretary's claim that this case is moot. Apparently, the Secretary has recounted his reliance on the modified LCD and now concedes that the modified LCD has no bearing on this case.

---

[3] Alternatively, whatever "to the same extent" in 42 U.S.C. § 1395w-22(g)(5) and 405(b) means, it cannot reasonably mean hearings with different standards of review/consideration and potential relief.

[4] To the extent that the Secretary argues that either 42 U.S.C. § 1395w-22(g)(5) or its own regulations are ambiguous, it is noted that the Council made no such conclusions. Further, the Council made no effort to analyze 42 U.S.C. § 1395w-22(g)(5) or 42 C.F.R. §§ 422.562(d)(1) and 422.608. Thus, any such claim has no basis in the Council's decision. Instead, the Council's decision was grounded solely in the claim that because Medicare Advantage plans are bound by LCD's, so are ALJs and the Council. There is no support for that proposition. As a result, the Council's decision should be reversed.

### E. The Court Should Make a Final Determination of Coverage

As Dr. Maupin noted in his moving papers, Council review is limited to the issues raised in the request for review or referral. Dkt. #21 at 9; 42 C.F.R. §§ 405.1112(c) and 405.110(c)(1). Here, the ALJ found that TTFT was reasonable and necessary for Dr. Maupin and ordered coverage. Further, Kaiser's request for review was limited to the issue of whether ALJs and the Council are bound by LCDs in Part C cases and that is the only (relevant) issue on which the Council ruled. Thus, it would be improper for the Council to review the ALJ's decision on any other grounds. Further, as Dr. Maupin has noted, pursuant to 42 U.S.C. § 405(g) (sentence four), this Court has the power to render a judgment "with or without remanding the case for a rehearing." Accordingly, if this Court reverses the Council on the sole issue raised in the request for review, then there is no further merits activity to be done before the Council. The Court should issue a judgment granting the relief requested and remand with instruction to effectuate the Court's decision. *See* Dkt. # 31 at 8.

Respectfully, it is very difficult to follow the Secretary's claims regarding remand. First, the Secretary alleged that the Court simply lacked the power to order coverage and *must* remand for further merits activity. *See* Dkt. #29 at 13. Now, apparently conceding the Court's power to order the requested relief, the Secretary alleges the Court *should* (but is not required to) remand for further merits activity. *See* Dkt. #32 at 11. In particular, the Secretary alleges that further merits activity is needed to determine whether TTFT is "reasonable and necessary" for Dr. Maupin.

As set forth in CAR at 81, ALJ Smith already determined that TTFT was "medically reasonable and necessary" for Dr. Maupin. Further, because Kaiser's request for review only addressed the issue of whether ALJs and the Council were bound by LCDs, it would be improper for the Council to consider whether TTFT is "reasonable and necessary" for Dr. Maupin outside of that context. Thus, the Secretary's request for remand to address this issue is simply a request that the Secretary be given an opportunity to defy his own regulations. *See* 42 C.F.R. §§ 405.1112(c) and

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

405.110(c)(1).  That is a position without basis.  This Court should issue a decision ordering coverage for Dr. Maupin.

As to the Secretary's other comments regarding the precise amount to be paid requiring a remand for merits activity (Dkt. #32 at 11-12), Dr. Maupin does not believe that is any bar to this Court issuing a decision ordering coverage and remanding with instructions to effectuate the decision.  Determining, how much, exactly, is to be paid will depend on the invoices submitted by the TTFT provider for the months at issue and is a ministerial act and not grounds for "remanding the cause for a rehearing."

### III. CONCLUSION

For the reasons set forth above, the Secretary's cross-motion should be denied, Dr. Maupin's motion for summary judgment should be granted, and the Secretary should be ordered to cover Dr. Maupin's claim.

Dated: November 19, 2019        REED SMITH LLP

 /s/ *Farah Tabibkhoei*_____
Farah Tabibkhoei

-and-

PARRISH LAW OFFICES

/s/ *James C. Pistorino*_____
James C. Pistorino
*Counsel for Plaintiff Frederic Maupin*