JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 19-5673-MWF (JPRx) | **Date:** December 9, 2019 |
| **Title:** Frederic Maupin v. Alex Azar | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [22]; DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [29]

Before the Court are two motions:

First is Plaintiff Frederic Maupin's Motion for Summary Judgment ("Plaintiff's MSJ"), filed on October 18, 2019.  (Docket No. 22).  Defendant Alex Azar (the "Secretary") filed an Opposition on November 4, 2019.  (Docket No. 29).  Plaintiff filed a Reply on November 19, 2019.  (Docket No. 33).

Second is the Secretary's Motion for Summary Judgment ("Secretary's MSJ"), filed on November 4, 2019.  (Docket No. 29).  Plaintiff filed an Opposition on November 8, 2019.  (Docket No. 31).  The Secretary filed a Reply on November 18, 2019.  (Docket No. 32).

The Court has read and considered the papers filed on the Motions, and held a hearing on December 2, 2019.

For the reasons discussed below, Plaintiff's MSJ is **GRANTED** and the Secretary's MSJ is **DENIED**.  The Court determines that as a matter of law, the ALJ had the discretion to depart from LCD L34828 in the Part C appeal because the Secretary's interpretation of the relevant statutes and regulations is not reasonable.  Because the Council's sole basis for reversing the ALJ was based on an incorrect

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| Case No. | CV 19-5673-MWF (JPRx) | Date: December 9, 2019 |
|---|---|---|
| Title: | Frederic Maupin v. Alex Azar | |

application of law, the Council's decision was arbitrary and capricious. Moreover, because Defendant only appealed the issue of whether the ALJ had discretion to deviate from the LCD as a matter of law, and this question has been resolved as a matter of law, there is nothing to remand to the Secretary other than a determination of the amount of money Dr. Maupin is owed.

## I.   BACKGROUND

Dr. Frederic Maupin filed this case on June 28, 2019 against the Secretary in his official capacity as Secretary of the United States Department of Health and Human Services. (Docket No. 1 ("Complaint") ¶ 1). Unless otherwise indicated, all of the facts discussed below are undisputed.

### A.   Medicare Plans Generally

The Medicare program is divided into four "Parts." (*Id*. ¶ 12). Relevant here are Parts "B" and "C." (*Id*.). Medicare Part B is often referred to as "Original Medicare," which covers medications, treatments, medical supplies, and durable medical equipment. (*Id*. ¶ 13). The items/services paid for, or not paid for, under Original Medicare are described in the statutes and in various regulations and policies developed by the Secretary. (*Id*.). Most relevant here are policies called Local Coverage Determinations ("LCDs"). (*Id*.). Medicare has divided the country into various regions administered by contractors working for Medicare, and each LCD is a policy developed by a contractor in a region and applicable to that region, which indicates whether an item or service will be covered or not. (*Id*.).

In general, the Original Medicare claim process is a five-step process that may result in district court review, starting when a Medicare beneficiary using Original Medicare submits a claim for coverage. (*Id*. ¶ 14). That claim is reviewed by a Medicare contractor for an initial determination, and the contractor is bound to follow Medicare policies, including any LCD applicable to the region. (*Id*.). If the beneficiary is dissatisfied with the initial determination, they may "appeal" by requesting a "redetermination," which is again heard by the Medicare contractor which is again bound by LCD policies. (*Id*. ¶ 15). If a Medicare beneficiary is dissatisfied

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 19-5673-MWF (JPRx) | Date:  December 9, 2019 |
| Title:       Frederic Maupin v. Alex Azar | |

with this redetermination decision, they may "appeal" by seeking "reconsideration." (*Id*. ¶ 16). This process is carried out by a Qualified Independent Contractor ("QIC"), an ostensibly independent third party. (*Id*.). The QIC is not bound by any LCD applicable to the region. (*Id*.) (citing 42 U.S.C. § 1395ff(c)(3)(B)(ii)(III)).

If a Medicare beneficiary is dissatisfied with the "reconsideration" decision, they may appeal by seeking a hearing before an Administrative Law Judge ("ALJ"), who is not bound by LCDs. (*Id*. ¶ 17) (citing 42 C.F.R. § 405.1062(a) and (b)). Instead, an ALJ must give substantial deference to the applicable LCDs but has discretion to disregard them based on the facts of a particular case, and may depart for many reasons, including if an LCD has not kept up with developments in technology. (*Id*.). In making this determination, the ALJ is not determining that an LCD is invalid, but is instead merely declining to apply the LCD in a particular case. (*Id*.).

Decisions of ALJs may be appealed to the Medicare Appeals Council ("Council"), which is also not bound by an LCD. (*Id*. ¶ 18). If a Medicare beneficiary is dissatisfied with the decision of the Council, subject to certain requirements, the beneficiary may file suit in district court to seek judicial review. (*Id*. ¶ 20).

Medicare Part "C" is a program in which private parties, including Kaiser, offer Medicare plans called Medicare Advantage Plans. (*Id*. ¶ 21). By statute, these plans must offer everything Original Medicare does but may also offer additional services, like dental care or eye glasses. (*Id*.). Plaintiff asserts that when claims for coverage are submitted by Medicare Advantage Plan customers, if the Plan determines that the claim falls outside its services, the claim is processed as an Original Medicare claim using the claim and appeal procedures available to Original Medicare. (*Id*. ¶ 22). The Secretary disputes that the appeals process is the same for Part C and B programs.

**B.     LCD L34828**

In November 2014, a clinical trial of tumor treatment field therapy ("TTFT") was suspended because it would have been unethical to withhold TTFT treatment from the control group. (*Id*. ¶ 24). On October 1, 2015, LCD L34828 became final, indicating that TTFT would not be covered because it was deemed not medically

JS-6

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.   CV 19-5673-MWF (JPRx)** | **Date:  December 9, 2019** |
| **Title:      Frederic Maupin v. Alex Azar** | |

reasonable and necessary.  (Secretary's Statement of Undisputed Facts ("SSUF") Nos. 1-2 (Docket No. 29-3)).  Four days later, on October 5, 2018, the FDA approved the Optune TTFT device to treat newly diagnosed Glioblastoma Multiforme ("GBM"), brain cancer.  (Complaint ¶ 26).  Thereafter, positive papers were published about TTFT, and TTFT received a Category 1 designation by the NCCN Guidelines.  (*Id*. ¶¶ 28-31).

On September 1, 2019, LCD L34823 was updated to allow coverage for TTFT to treat newly diagnosed GBM, but not recurrent GBM.  (SSUF No. 3).

### C.   Dr. Maupin's Plan and Requests for Coverage

Dr. Maupin is a member of a Medicare Advantage plan.  (Plaintiff's MSJ at 6).  He has been diagnosed with GBM.  (*Id*.).  After brain surgery to remove as much of the cancer as possible and associated chemotherapy and radiation, Dr. Maupin was prescribed TTFT using the Optune device to minimize the progression of the cancer.  (*Id*. at 6-7).  TTFT has been shown to increase the 2-year survival rate by more than 38% and to nearly triple the five-year survival rate.  (Complaint ¶ 9).  Dr. Maupin submitted a request for pre-approval of coverage of TTFT under this Medicare Advantage plan.  (SSUF No. 4).

Dr. Maupin's Medicare Advantage plan provider, Kaiser, denied coverage of Dr. Maupin's request for pre-approval pursuant to LCD L34828.  (*Id*. No. 5).  During Dr. Maupin's redetermination, Kaiser affirmed the denial of coverage, using the LCD L34828 as the basis to not cover Dr. Maupin's claim.  (*Id*. No. 6).  Dr. Maupin sought reconsideration before the Independent Review Entity, which also denied coverage, again citing LCD L34828.  (*Id*. No. 7).  Dr. Maupin then sought review by an ALJ.  (*Id*. No. 8).  According to the Secretary, the sole issue before the ALJ was "[w]hether Kaiser Foundation Health Plan is required to pre-approve [Dr. Maupin]'s request for . . . (TTFT) . . . pursuant to the provisions of Title XVIII of the Social Security Act and

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 19-5673-MWF (JPRx) | Date: December 9, 2019 |
| Title: Frederic Maupin v. Alex Azar | |

implementing regulations or under the terms of the Medicare Advantage Organization's Health Plan." (*Id*.).

On appeal, ALJ Troy Smith issued a decision on February 1, 2019, requiring Kaiser to approve Dr. Maupin's request for TTFT coverage. (Plaintiff's Statement of Undisputed Facts ("PSUF") No. 1) (Docket No 22-2) (citing Declaration of Farah Tabibkhoei ("Tabibkhoei Declaration") Ex. 1) (Docket No. 20)). ALJ Smith declined to apply the LCD because the LCD had not kept up with the scientific developments related to TTFT and the Optune device, and TTFT treatment was further medically reasonable and necessary for Dr. Maupin. (*Id*. No. 2). In ordering coverage, ALJ Smith exercised his discretion to depart from LCD L34823, citing 42 C.F.R. § 405.1062. (*Id*.). The Secretary disputes that ALJ Smith had the discretion to depart from LCD L34823. (Secretary's Statement of Genuine Disputes of Material Fact No. 2 (Docket No. 29-4)).

On March 19, 2019, Dr. Maupin's Medicare Advantage plan (Kaiser) appealed Judge Smith's decision to the Council. (*Id*. No. 3). Kaiser contended that Judge Smith erred "based on an incorrect application to regulatory guidance." (*Id*. No. 4) (citing Tabibkhoei Declaration Ex. 1). Kaiser contended that because it was bound to follow the LCD at the initial and reconsideration stages of claim review, ALJ Smith should also be bound by the LCD. (Plaintiff's MSJ at 7). Kaiser did not allege any other grounds for error in Judge Smith's decision. (*Id*. at 7-8).

In a May 2, 2019 decision, the Council reversed ALJ Smith and held that ALJs and the Council are bound by LCDs and have no discretion to depart from them. (PSUF No. 5). The Council acknowledged that if Dr. Maupin was enrolled in Original Medicare, the ALJ and the Council would not be bound by the LCD. (Plaintiff's MSJ at 8.). Nevertheless, because Dr. Maupin was enrolled in a Medicare Advantage plan and because Kaiser purportedly was bound by the LCD at the initial claim review stages, the Council held that the ALJ and the Council were also bound by the LCD. (*Id*.).

---

**CIVIL MINUTES—GENERAL** 5

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 19-5673-MWF (JPRx)**  **Date:  December 9, 2019**
**Title:     Frederic Maupin v. Alex Azar**

Dr. Maupin started receiving TTFT treatment no sooner than January 30, 2019. (SSUF No. 14). Any TTFT treatment that Dr. Maupin is presently receiving is covered under the current LCD L34828. (*Id*. No. 15).

## II.    **APPLICATION TO FILE UNDER SEAL**

In conjunction with his Motion for Summary Judgment, Plaintiff filed an Application to file portions of the administrative record under seal ("Application"). (Docket No. 19). The Secretary does not oppose the Application.

For the reasons stated in this Court's order dated October 21, 2019 permitting the Secretary to file the administrative record under seal, Plaintiff's Application is **GRANTED**. (Docket No. 25).

## III.    **LEGAL STANDARD**

In deciding a motion for summary judgment under Federal Rule of Civil Procedure 56, the Court applies *Anderson*, *Celotex*, and their Ninth Circuit progeny. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Ninth Circuit has defined the shifting burden of proof governing motions for summary judgment where the non-moving party bears the burden of proof at trial:

> The moving party initially bears the burden of proving the absence of a genuine issue of material fact. Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case. Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial. This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 19-5673-MWF (JPRx) | Date: December 9, 2019 |
| Title: Frederic Maupin v. Alex Azar | |

non-moving party must do more than show there is some "metaphysical doubt" as to the material facts at issue. In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor.

*Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1259 n.2 (9th Cir. 2016) (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)). "A motion for summary judgment may not be defeated, however, by evidence that is 'merely colorable' or 'is not significantly probative.'" *Anderson*, 477 U.S. at 249-50.

"When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).

"[W]hen parties submit cross-motions for summary judgment, each motion must be considered on its own merits." *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (internal quotation marks and citations omitted) (holding that the district court erred in failing to consider evidence submitted on the plaintiffs' motion before ruling the defendants' motions). The Court therefore considers each Motion individually.

"Under the APA, the court must hold unlawful and set aside an agency action that is: (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ." *Storman v. U.S. Office of Sec'y of Health & Human Servs.*, No. 2:18-CV-02654 AC, 2019 WL 5964818, at *3 (E.D. Cal. Nov. 13, 2019) (citing 5 U.S.C.A. § 706(2)). Additionally, when analyzing an agency's interpretation of language in a statute, the Court must apply the test articulated in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). "Under *Chevron*'s familiar two-step analysis, we first ask if Congress has directly spoken to the issue; step two asks whether the agency's interpretation of ambiguous language in the statute the agency is charged with administering is reasonable." *Betansos v. Barr*, 928 F.3d 1133, 1139 (9th Cir. 2019).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 19-5673-MWF (JPRx) | Date: December 9, 2019 |
| Title: Frederic Maupin v. Alex Azar | |

## IV. THE SUMMARY JUDGMENT MOTIONS

It is sometimes the case that dueling summary judgment motions can both be denied, leaving issues for trial. But here, the Motions really are mirror images of each other on issues of law – one will be granted and one will be denied. The Court will analyze the issues through Plaintiff's MSJ.

Plaintiff makes three arguments as to why he should prevail. First, Plaintiff argues that neither the ALJ nor the Council is bound by the LCDs in Medicare Part C cases. (Plaintiff's MSJ at 8). This is because "appeals in Part C cases are guided by the regulations that apply to Original Medicare cases. (*Id*.). Therefore, when the Council ruled that the ALJ was bound to follow the LCD, that was "an error of law." (*Id*.). Second, because Plaintiff's claims all turn on this one issue, Plaintiff argues that summary judgment as to all of his claims is appropriate. (*Id*. at 9). Finally, Plaintiff argues that the ALJ's decision should be affirmed, and the coverage should be ordered. (*Id*. at 9-10).

In Opposition, the Secretary makes four points. First, the Secretary argues it was not arbitrary and capricious for the Council to apply the binding LCDs to deny coverage, as it is generally acceptable to use "general coverage rules without regard to an individual patient's needs." (Secretary's MSJ at 8-9). Specifically, the Secretary cites Kaiser's testimony to the ALJ that Kaiser was denying the treatment "in order to avoid discriminatory impact." (*Id*. at 10). Second, the Secretary argues that Plaintiff's approach "would lead to more inconsistent case-by-case determinations at the discretion of ALJ's despite the existence of applicable LCDs of general application." (*Id*. at 11). Third, the Secretary argues that the LCD was binding on the ALJ and Council. (*Id*. at 12-13). Finally, the Secretary argues that the Court cannot consider whether LCD 34823 was proper, as that is a moot question. (*Id*. at 14-15).

The Court agrees with Plaintiff. There are two issues the Court must determine: (i) whether an ALJ adjudicating a Part C appeal can, in rare circumstances, depart from an LCD, as the ALJ can do in an Original Medicare case; and (ii) if so, what the scope of remand should be for this case.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 19-5673-MWF (JPRx) | Date: December 9, 2019 |
| Title: Frederic Maupin v. Alex Azar | |

### A. The Secretary's Interpretation of 42 U.S.C. § 1395w-22 is Unreasonable

42 U.S.C. § 1395w-22 provides as follows:

An enrollee with a Medicare+Choice plan of a Medicare+Choice organization under this part who is dissatisfied by reason of the enrollee's failure to receive any health service to which the enrollee believes the enrollee is entitled and at no greater charge than the enrollee believes the enrollee is required to pay is entitled, if the amount in controversy is $100 or more, ***to a hearing before the Secretary to the same extent as is provided in section 405(b)*** of this title, and in any such hearing the Secretary shall make the organization a party. If the amount in controversy is $1,000 or more, the individual or organization shall, upon notifying the other party, be entitled to judicial review of the Secretary's final decision as provided in section 405(g) of this title, and both the individual and the organization shall be entitled to be parties to that judicial review. In applying subsections (b) and (g) of section 405 of this title as provided in this paragraph, and in applying section 405(l) of this title thereto, any reference therein to the Commissioner of Social Security or the Social Security Administration shall be considered a reference to the Secretary or the Department of Health and Human Services, respectively. The provisions of section 1395ff(b)(1)(E)(iii) of this title shall apply with respect to dollar amounts specified in the first 2 sentences of this paragraph in the same manner as they apply to the dollar amounts specified in section 1395ff(b)(1)(E)(i) of this title.

42 U.S.C. § 1395w-22 (emphasis added). In his briefing and at the hearing, the Secretary argues that the "hearing" in the above statute is ambiguous, which therefore triggers *Chevron* deference. While the Court determines this is a close call, it is convinced by other courts which have determined that a "hearing" is ambiguous for the purpose of the *Chevron* deference test. *See, e.g.*, *United States v. Fla. E. Coast Ry. Co.,* 410 U.S. 224, 239 (1973) ("The term 'hearing' in its legal context undoubtedly has a host of meanings."); *Chem. Waste Mgmt., Inc. v. U.S. EPA,* 873 F.2d 1477, 1480–82 (D.C.Cir.1989) (concluding that Congress's intent behind the words "public hearing"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 19-5673-MWF (JPRx) | Date: December 9, 2019 |
| Title: Frederic Maupin v. Alex Azar | |

was ambiguous for *Chevron* purposes); *Dominion Energy Brayton Point, LLC v. Johnson*, 443 F.3d 12, 16 (1st Cir. 2006) ("[W]hile the type of hearing required by a statute turns on congressional intent, *Chevron* adds a new dimension, requiring that the agency's reasonable interpretation be accorded deference if there is any ambiguity as to that intent.").

Accordingly, the Court's determination turns on whether the Secretary's interpretation of 42 U.S.C. § 1395w-22 is unreasonable. The statute commands that a Part C appellant should be provided an appeal with "a hearing before the Secretary to the same extent as is provided" a Part A or B appellant. 42 U.S.C. § 1395w-22. The Secretary acknowledges that a Part A or B appellant is entitled to a hearing by an ALJ, who has discretion to depart from the applicable LCDs. Nonetheless, the Secretary argues that a Part C appellant is not entitled to a similar hearing and that an ALJ reviewing a Part C determination of coverage cannot deviate from the LCDs under any circumstances. The Court determines that this interpretation is not reasonable.

Numerous courts have held that, for the purposes of the *Chevron* analysis, an agency's interpretation is not reasonable if it conflicts with preexisting regulations. *See e.g.*, *Osborn v. Nicholson*, 21 Vet. App. 223, 229 (2007) ("Having included interest as a component of profit by regulation, neither the Board nor the Secretary can ignore it."); *United States ex rel. Kempf v. Commanding Officer of the Fort Des Moines Examining and Entrance Station,* 339 F. Supp. 320, 325 (S.D. Iowa 1972) ("An administrative agency cannot ignore its own regulations."); *Paralyzed Veterans of Am. v. Ellerbe Becket Architects and Engs., P.C.,* 950 F.Supp. 389, 392 (D.D.C.1996) ("An agency is empowered to interpret its own regulations so long as such interpretation is reasonable in light of the text and purpose of the statute and consistent with the statute and regulation."); *Gerard v. N. Transp., LLC*, 146 F. Supp. 2d 63, 67 (D. Me. 2001) ("When such an interpretation, however, conflicts with binding law, such as a regulation adopted after the notice-and-comment process established by the Administrative Procedure Act, 5 U.S.C. § 553, the Court need not give credence to the contrary interpretation.").

At the hearing, Plaintiff pointed to 42 C.F.R. § 422.562(d)(1) to argue that the Secretary's interpretation is not reasonable, as it expressly provides a default system

JS-6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 19-5673-MWF (JPRx) | Date: December 9, 2019 |
| Title: Frederic Maupin v. Alex Azar | |

whereby Part C appeals are treated the exact same as part B appeals, unless **expressly stated** otherwise. Specifically, 42 C.F.R. § 422.562(d)(1) provides: "Unless this subpart **provides otherwise** and subject to paragraph (d)(2) of this section, **the regulations in part 405 of this chapter** (concerning the administrative review and hearing processes and representation of parties under Titles II and XVIII of the Act) **apply under this subpart** to the extent they are appropriate." (emphasis added). 42 C.F.R. § 422.562(d)(2) provides explicit exceptions to this general default rule, including certain time frames for processes. However, there is no mention in 42 C.F.R. § 422.562(d)(2) of the ALJ's discretion to ignore binding LCDs, which is specified in 42 C.F.R. § 405.1062(a) and (b).

Accordingly, the Secretary's interpretation of 42 U.S.C. § 1395w-22 – that the requirement that a Part C and Part B appellant be treated to the "same extent" does not include the ALJ's discretion to ignore LCDs – is in direct conflict with 42 C.F.R. § 422.562(d)(1). Because the Secretary's interpretation cannot be reasonable if it conflicts with his own regulation, the Court is not bound to give it *Chevron* deference, and will instead follow the clear instruction of 42 C.F.R. § 422.562(d)(1).

The Secretary's remaining arguments do not sway the Court. The Secretary argues that because companies like Kaiser are forced to follow the LCD, that must mean that the ALJs and the Council are **likewise** forced to follow the LCD. However, the Secretary is comparing apples to oranges; the Secretary's comparison of the fact that Medicare Advantage **plans** must follow LCDs to the fact that "Original Medicare have regulations that expressly provide LCDs are not binding in **the review of coverage determinations**" is not convincing. (Secretary's Reply at 5-6). By the Secretary's logic, the ALJ should not have discretion to deviate from the LCDs when reviewing an Original Medicare claim process because the Medicare contractor is bound by the LCD. However, this is plainly not the law.

For similar reasons, the Court is not convinced by the Secretary's argument that the fact that there are no Part C regulations expressly granting ALJ and the Council discretion to depart from the LCD "demonstrates the intention that LCDs be binding on plans, ALJs, and the Council in coverage dispute involving Medicare Advantage." (*Id*. at 6). Again, considering the default rule of 42 C.F.R. § 422.562(d)(1) which generally

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 19-5673-MWF (JPRx) | Date: December 9, 2019 |
| Title: Frederic Maupin v. Alex Azar | |

provides that the appellate process is the same for Part B and Part C appellants, it would muddy the waters to explicitly state which parts of the process should actually be the same.  Indeed, in light of the clear language of the regulation, Part B and Part C appellants should not be treated differently absent explicit regulatory instruction as to which aspects of the appeals should differ.

Finally, the Court notes, but does not find dispositive, that there does not appear to be any policy rationale for the distinction which the Secretary seeks.  The Secretary's only policy argument for the distinction is that the appeals process for Part A and B plans is "time-consuming and costly, and Medicare Advantage was meant to be more efficient and less expensive than Original Medicare."  (Secretary's Reply at 9).  But that policy rationale was likely considered in the exceptions to the default rule contained in 42 C.F.R. § 422.562(d)(2), as evidenced by many of those exceptions dealing with the time frame for the appeals.  It would make no policy sense for the goal of a more efficient appeals process to cause a change of an ALJ's discretion.

Accordingly, the Secretary's interpretation of 42 U.S.C. § 1395w-22 which runs counter to regulations issued by the Secretary is not reasonable, and the Court determines that interpretation is not entitled to *Chevron* deference.  Therefore, the Council's determination that the ALJ did not have discretion to depart from LCD L34823 was contrary to law.

### B. Remand is Only Appropriate on the Limited Issue of Benefits Owed to Dr. Maupin.

Determining that the Council erred does not end the Court's inquiry, as the Court must still determine what matters, if any, are appropriate to remand to the Council.  At the hearing, the Secretary urged that the Court should remand the ***coverage determination*** to the Council, arguing that Council should have the opportunity to apply the correct law in review of the ALJ's determination.

The Court disagrees.  Pursuant to 42 U.S.C. § 405(g), the "court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 19-5673-MWF (JPRx) | Date: December 9, 2019 |
| Title: Frederic Maupin v. Alex Azar | |

without remanding the cause for a rehearing." Additionally, pursuant to the same subsection, the "court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security . . . ." (*Id*.).

At the hearing, Plaintiff pointed the Court to 42 C.F.R. § 405.1110, which governs the Council's review. In a case, such as here, where the Secretary did not participate in the ALJ proceeding, 42 C.F.R. § 405.1110(c)(2) governs. *See id*. ("Referral by CMS when CMS did not participate in the OMHA proceedings or appear as a party.") In that instance, the "Council will accept review if the decision or dismissal contains an error of law material to the outcome of the case or presents a broad policy or procedural issue that may affect the general public interest. In deciding whether to accept review, ***the Council will limit its consideration of the ALJ's . . . action to those exceptions raised by CMS***." *Id*. (emphasis added); *see also Clinic Res. Mgmt. v. Burwell*, No. CIV.A. H-14-578, 2015 WL 3932657, at *5 (S.D. Tex. June 26, 2015) ("When CMS refers an administrative law judge's decision to Council for review, the Council is limited to the issues CMS raises in its referral.") (citing 42 C.F.R. § 405.1110(c)(2)). The key question here, then, is whether any exceptions were raised in the referral other than the ALJ's authority to depart from the LCD.

In the referral, Kaiser specifically identifies the one issue it wishes the Council to review: "We respectfully request that the ALJ decision be reviewed and reversed on the grounds that the decision was based on ***incorrect application of regulatory guidance***. The ALJ ***did not apply the Local Coverage Determination (LCD) in question***, which states that the service/item requested is not reasonable and necessary." (Docket No. 20-1 at 062) (emphasis added). The Court determines that this is the sole issue that was ultimately considered by the Council. On the one hand, the referral ***does*** refer to another ALJ's determination that "the LCD itself had 17 sources of information as the basis for not deeming the Optune, TTFT device as not reasonable and necessary" as "the reason why substantial difference should be given to the LCD in the denial of the device." (*Id*. at 063). On the other hand, this detail is provided as support for why the ALJ should ***not*** have departed from the LCD, and is not offered as another item for

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 19-5673-MWF (JPRx) | Date: December 9, 2019 |
| Title: Frederic Maupin v. Alex Azar | |

consideration by the Council. In other words, the Secretary is incorrect in asserting that the Council was really determining "whether TTFT treatment for Dr. Maupin was medically 'reasonable and necessary,'" and was instead only determining whether the ALJ should have, or could have, departed from the LCD. (Secretary's Reply at 11).

And the Secretary's citation to *Finigan v. Burwell*, 189 F. Supp. 3d 201 (D. Mass. 2016) does not change the Court's analysis here. In *Finigan*, the court determined a remand was appropriate because "[a]lthough [plaintiff] has convinced the Court that the Secretary's reasoning was erroneous, she has not convinced the Court that she is clearly entitled to coverage, and thus a remand is appropriate." *Id*. at 208. *Finigan*, however, reversed the Council's inappropriate substantial deference given to an article; in determining that substantial deference did not apply, the court did not determine whether that necessarily meant the plaintiff was entitled to coverage, as the Council had done more analysis than just determining the standard. *Id*. at 206. Here, in contrast, the ***only*** issue the Council ruled on which prevented Dr. Maupin's coverage was the Council's incorrect conclusion that the ALJ did not have discretion to refuse to apply the LCD.

In sum, the only issue raised to the Council is whether the ALJ had the discretion to depart from the LCD, and the Court is answering that question as a matter of law. Therefore, the only outstanding issue for the Council at this stage is determining the amount of money Dr. Maupin is owed.

Accordingly, Plaintiff's MSJ is **GRANTED**.

As discussed above, the Secretary's MSJ is **DENIED**.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's MSJ is **GRANTED** and the Secretary's MSJ is **DENIED**. The case is remanded to the Secretary for the sole purpose of calculating the amount of coverage owed to Dr. Maupin.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-5673-MWF (JPRx)           **Date:** December 9, 2019
**Title:**     Frederic Maupin v. Alex Azar

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.